# In re Juan OLIVARES-Martinez, Respondent

File A91 376 899 - Harlingen

*Decided July 3, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), and *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001), a Texas conviction for felony DWI is not classifiable as a crime of violence conviction under 18 U.S.C. § 16(b) (1994) for purposes of removability in cases arising in the United States Court of Appeals for the Fifth Circuit; accordingly, in cases arising in the Fifth Circuit, *Matter of Puente*, Interim Decision 3412 (BIA 1999), will not be applied.

FOR RESPONDENT: Thelma O. Garcia, Esquire, Harlingen, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Cheri L. Jones, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, GUENDELSBERGER, MATHON, ROSENBERG, GRANT, MILLER, BRENNAN, ESPENOZA, OSUNA, and OHLSON, Board Members. Concurring Opinion: DUNNE, Vice Chairman; joined by MOSCATO, Board Member. Concurring and Dissenting Opinion: COLE, Board Member, joined by JONES, Board Member.[1]

ESPENOZA, Board Member:

In a decision dated May 13, 1999, an Immigration Judge found the respondent removable and ineligible for relief and ordered him removed from the United States. The respondent filed a timely appeal. The appeal will be sustained, and the removal proceedings will be terminated. The request for oral argument is denied.

## I. BACKGROUND

The respondent is a native and citizen of Mexico who entered the United States prior to January 1, 1982, and became a lawful permanent resident on May 9, 1991. In a Notice to Appear (Form I-862) dated August 12, 1998, the

---

[1] Board Member Michael J. Heilman participated in the deliberations concerning this case, but retired prior to the issuance of the final decision.

respondent was charged with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. V 1999), as an alien convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (Supp. V 1999) (crime of violence for which the term of imprisonment is at least 1 year). The respondent was convicted on May 29, 1996, in the 103d Judicial District Court of Cameron County, Texas, of the felony offense of driving a motor vehicle while intoxicated ("DWI") with two prior convictions. His sentence for this offense, 5 years of incarceration, was suspended, and he was placed on probation for 5 years. At the hearing, the parties agreed that the respondent had been convicted under sections 49.04 and 49.09 of the Texas Penal Code.[2]

The Immigration Judge found that the respondent's conviction was for a crime of violence as defined by 18 U.S.C. § 16(b) (1994), and that the crime therefore fit the aggravated felony definition at section 101(a)(43)(F) of the Act. He accordingly concluded that the respondent was removable as charged. The Immigration Judge also found the respondent ineligible for relief from removal and ordered him removed from the United States. The respondent appealed from that decision. The Immigration and Naturalization Service submitted a memorandum in support of the decision of the Immigration Judge.

Subsequently, in *Matter of Puente*, Interim Decision 3412 (BIA 1999), we held that a conviction for Texas felony DWI was a "crime of violence" as defined in 18 U.S.C. § 16(b). We reasoned that the nature of the crime of operating a motor vehicle while intoxicated may create a substantial risk that physical force will be applied. The United States Court of Appeals for the Fifth Circuit initially affirmed the Board's reasoning in *Camacho-Marroquin v. INS*, 188 F.3d 649 (5th Cir. 1999). However, the Fifth Circuit withdrew that decision in *Camacho-Marroquin v. INS*, 222 F.3d 1040 (5th Cir. 2000).

## II. DECISION OF THE BOARD

The issue before us is whether a conviction for Texas felony DWI is a conviction for a crime of violence under 18 U.S.C. § 16(b), rendering an alien removable under the aggravated felony ground. As explained above, the Board has spoken on the matter. *See Matter of Puente*, *supra*; *accord Tapia-Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001) (holding that an Idaho felony DWI conviction is an aggravated felony conviction for immigration purposes). However, we evaluate the respondent's removability under recent decisions issued by the Fifth Circuit, the controlling federal jurisdiction in this case. The Board historically follows a court's precedent in cases arising in that circuit. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989).

---

[2] Hereinafter, we refer to a violation of sections 49.04 and 49.09(b) as a "Texas felony DWI."

In *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001),[3] the court addressed the question whether the defendant's conviction for Texas felony DWI was an aggravated felony conviction for sentence enhancement purposes under section 2L1.2 of the United States Sentencing Guidelines. *See* 18 U.S.C.A. ch. 2, § 2L1.2 (West 1996). The specific question was whether the defendant's conviction was for a crime of violence as defined in 18 U.S.C. § 16(b).

The Fifth Circuit pointed out that 18 U.S.C. § 16(b) focuses on the defendant's conduct itself and required that "there be a substantial risk that the defendant will *use* physical force against another's person or property *in the course of committing the offense*." *United States v. Chapa-Garza*, *supra*, at 925. The court concluded that a violation of the Texas felony DWI statute is not a crime of violence under 18 U.S.C. § 16(b). *Id.* at 928.

The outstanding question is what effect the sentence enhancement decision in *United States v. Chapa-Garza*, *supra*, has on immigration proceedings.[4] While we were deliberating about this matter, the Fifth Circuit issued *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001). In that case, the court specifically rejected the concept of interpreting a federal statute differently in immigration and sentence enhancement cases.[5]

In *United States v. Hernandez-Avalos*, the Fifth Circuit has determined that uniformity should be employed when the same federal statute is being interpreted, notwithstanding its application in different contexts. The Fifth Circuit has also stated that it does not find that a Texas felony DWI is a crime of violence as defined in 18 U.S.C. § 16(b). *United States v. Chapa-Garza*, *supra*. The result of these decisions is that in cases arising in the Fifth Circuit, a conviction for Texas felony DWI is not classifiable as a crime of violence conviction under 18 U.S.C. § 16(b) for purposes of removability. Accordingly, we will not apply our decision in *Matter of Puente*, *supra*, in cases arising within the jurisdiction of the Fifth Circuit.

The respondent is therefore not removable under section 237(a)(2)(A)(iii) of the Act. The respondent's removal proceedings will be terminated.

**ORDER:** The appeal is sustained, and the removal proceedings are terminated.

---

[3] There is a petition for rehearing with suggestion for en banc consideration pending in this case as of the date of the instant decision. The mere filing of that rehearing petition does not alter the precedential effect of the court's ruling. However, we recognize that "unless otherwise expressly provided," the granting of a petition en banc vacates a panel opinion. *See* 5th Cir. R. 41.3. Any subsequent developments in the law will be addressed when necessary.

[4] We declared our intent to address that issue in *Matter of Herrera*, 23 I&N Dec. 43 (BIA 2001).

[5] We recognize that *United States v. Hernandez-Avalos*, *supra*, conflicts with our decision in *Matter of K-V-D-*, Interim Decision 3422 (BIA 1999). We do not revisit *Matter of K-V-D-*, *supra*, at this time.

*CONCURRING OPINION:* Mary Maguire Dunne, Vice Chairman; in which Anthony C. Moscato, Board Member, joined

I respectfully concur.

I agree with the result reached by the majority in this case. However, I think it unwise to publish a precedent decision while the United States Court of Appeals for the Fifth Circuit is considering the Attorney General's petition for a rehearing in *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), and without addressing the significant issue regarding uniformity raised by the decision in *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001). While this Board stated in *Matter of Herrera*, 23 I&N Dec. 43 (BIA 2001), that it would consider the effect of *Chapa-Garza* on our decision in *Matter of Puente*, Interim Decision 3412 (BIA 1999), there have been two intervening factors which I believe should cause us to move slowly and carefully in this area. One is the petition for a rehearing in *Chapa-Garza*, because if that petition is granted, the Fifth Circuit's decision in *Chapa-Garza* is vacated and *Puente* remains the controlling precedent in the Fifth Circuit. I am not convinced that a precedent is needed prior to the resolution of that rehearing petition, especially since this Board has undertaken to adjudicate all pending detained cases arising in the Fifth Circuit where the outcome is determined by the recent Fifth Circuit decisions. The other factor is the *Hernandez-Avalos* decision with its significant impact on this Board's decision in *Matter of K-V-D-*, Interim Decision 3422 (BIA 1999). By failing to address the more significant issue of uniformity, we leave unresolved a number of issues and, consequently, provide minimal guidance with respect to those important issues.

*CONCURRING OPINION:* Patricia A. Cole, Board Member, in which Philemina McNeill Jones, Board Member, joined

I respectfully concur.

Although I concur in the result reached by the majority, I would not yet issue another precedent decision in a Texas driving while intoxicated ("DWI") case without addressing our precedent decisions that have been impacted by recent decisions of the United States Court of Appeals for the Fifth Circuit.

The stay that was issued in *Matter of Herrera*, 23 I&N Dec. 43 (BIA 2001), was not "to resolve" but rather to consider the effect of a sentencing enhancement decision in immigration proceedings. The decision at issue was *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), which holds that a conviction for DWI in violation of section 49.09 of the Texas Penal Code is not a conviction for a crime of violence and therefore not an aggravated felony conviction. This decision was rendered in the context of the United States Sentencing Guidelines. In *Matter of Herrera*, we stated that we would consider

the effect of the Fifth Circuit's sentence enhancement decision on *Matter of Puente*, Interim Decision 3412 (BIA 1999). *Matter of Puente* held that a conviction for DWI in violation of section 49.09 of the Texas Penal Code is a conviction for a crime of violence and an aggravated felony for immigration purposes. The decision in *Chapa-Garza* is contrary to this finding, as well as to *Matter of Magallanes*, Interim Decision 3341 (BIA 1998), and *Tapia-Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001). The majority acknowledges that a petition for rehearing is pending in *United States v. Chapa-Garza* and notes the possibility of future decisions on this subject matter. Nonetheless, a precedent is being issued to basically state that our precedents outside the Fifth Circuit will be addressed "when necessary."

Similarly, the majority also recognizes the conflict between the Fifth Circuit's decision in *United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir. 2001), and our holding in *Matter of K-V-D-*, Interim Decision 3422 (BIA 1999). In *Hernandez-Avalos*, the court held, contrary to our decision in *Matter of K-V-D-*, that there should be uniformity in interpreting the term "aggravated felony" for sentence enhancement and immigration purposes. What this precedent being issued today states is that it will not revisit "at this time" the issue whether a federal statute should be interpreted differently in immigration and sentence enhancement cases outside the Fifth Circuit.

Because all cases arising in the Fifth Circuit are controlled by that court's recent precedent opinions, another precedent is unnecessary until decisions are rendered on the issue of felony DWIs as crimes of violence, and on the issue whether a federal statute should be interpreted differently in immigration and sentence enhancement cases. There is no guidance or value in issuing a precedent decision at this time and, consequently, I will not join my colleagues.