# In re Alejandro HERRERA, Respondent

File A34 767 783 - Houston

*Decided April 13, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Respondent's motion for a stay of deportation, pending consideration of his simultaneously filed motion to reopen and reconsider, is granted in light of the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Chapa-Garza*, 2001 WL 209468 (5th Cir. 2001), which held that a conviction for driving while intoxicated in violation of section 49.09 of the Texas Penal Code is not a conviction for a crime of violence under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (Supp. V 1999).

FOR RESPONDENT: Martha Garza, Esquire, Alhambra, California

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Charlotte K. Lang, Assistant District Counsel

BEFORE: Board En Banc: SCIALABBA, Acting Chairman; DUNNE, Vice Chairman; HEILMAN, SCHMIDT, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, ROSENBERG, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, and OSUNA, Board Members. Dissenting Opinion: HEILMAN, Board Member.[1]

ESPENOZA, Board Member:

In a decision dated December 22, 2000, we affirmed the decision of an Immigration Judge finding that the respondent had been convicted of a crime of violence under section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (Supp. V 1999), based on his conviction for driving while intoxicated in violation of section 49.09 of the Texas Penal Code, and ordering him removed from the United States. *See* section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (Supp. V 1999); *Matter of Puente*, Interim Decision 3412 (BIA 1999). The respondent has filed a motion to reopen and reconsider and a motion for emergency stay of deportation pending our consideration of his motion. The request for a stay will be granted.

---

[1] Board Member Kevin A. Ohlson did not participate in the decision in this case.

Since we issued our decision in the respondent's case, the United States Court of Appeals for the Fifth Circuit, the jurisdiction in which this case arises, held that a conviction for a violation of section 49.09 of the Texas Penal Code is not a conviction for a crime of violence under section 101(a)(43)(F) of the Act. *See United States v. Chapa-Garza*, 2001 WL 209468 (5th Cir. 2001) (addressing the reference to section 101(a)(43)(F) in the context of the United States Sentencing Guidelines). We therefore find it appropriate to stay the order of removal in the respondent's case in order to give us an opportunity to consider if, and to what extent, the Fifth Circuit's decision may have a bearing on our precedent decision in *Matter of Puente*, *supra*.

**ORDER:** The respondent's request for a stay of deportation is granted.

*DISSENTING OPINION:* Michael J. Heilman, Board Member

I respectfully dissent without opinion.