# In re Luis Manuel RAMOS, Respondent

File A17 630 241 - Boston

*Decided April 4, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  In cases arising in circuits where the federal court of appeals has not decided whether the offense of driving under the influence is a crime of violence under 18 U.S.C. § 16(b) (2000), an offense will be considered a crime of violence if it is committed at least recklessly and involves a substantial risk that the perpetrator may resort to the use of force to carry out the crime; otherwise, where the circuit court has ruled on the issue, the law of the circuit will be applied to cases arising in that jurisdiction.

(2)  The offense of operating a motor vehicle while under the influence of intoxicating liquor in violation of chapter 90, section 24(1)(a)(1) of the Massachusetts General Laws is not a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense and is therefore not a crime of violence.  *Matter of Puente*, Interim Decision 3412 (BIA 1999), and *Matter of Magallanes*, Interim Decision 3341 (BIA 1998), overruled.

FOR RESPONDENT: Frederick Q. Watt, Esquire, New Bedford, Massachusetts

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: John M. Furlong, Jr. Assistant District Counsel

BEFORE:  Board En Banc:  SCHMIDT, VILLAGELIU, GUENDELSBERGER, ROSENBERG, MILLER, BRENNAN, ESPENOZA, and, OSUNA, Board Members.  Concurring Opinions: FILPPU, Board Member; PAULEY, Board Member, joined by SCIALABBA, Acting Chairman.  Dissenting Opinion: HURWITZ, Board Member, joined by DUNNE, Vice Chairman; HOLMES, COLE, GRANT, MOSCATO, OHLSON, and HESS, Board Members.

ROSENBERG, Board Member:

This case was last before us on August 8, 2001, when we granted the respondent's motion to reconsider and terminated removal proceedings.  The Immigration and Naturalization Service has filed a motion to reconsider under 8 C.F.R. § 3.2(b) (2001), asking us to reexamine our ruling on the respondent's motion and to find him removable as charged.  We will grant the Service's motion and issue a new decision.  Upon reconsideration, we again terminate the removal proceedings brought against the respondent.  We also withdraw from our decisions in *Matter of Puente*, Interim Decision 3412 (BIA 1999), and *Matter of Magallanes*, Interim Decision 3341 (BIA 1998), and

hold that the offense of driving under the influence is not a crime of violence under 18 U.S.C. § 16(b) (2000). *See* section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2000).

## I.  ISSUE

The key issue is whether operating a motor vehicle while under the influence of intoxicating liquor, in violation of chapter 90, section 24(1)(a)(1) of the Massachusetts General Laws, constitutes a crime of violence under 18 U.S.C. § 16(b), i.e., a felony that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## II. BACKGROUND

The respondent is a native and citizen of Portugal.  He entered the United States as a visitor for pleasure on September 28, 1968, and adjusted his status to that of a lawful permanent resident on June 2, 1969.  On March 22, 2000, he was convicted in Massachusetts of operating a motor vehicle while under the influence of intoxicating liquor.  *See* Mass. Gen. Laws ch. 90, § 24(1)(a)(1) (2000).  As this was the respondent's second conviction within 10 years for driving while intoxicated, he was subject to enhanced penalties and received a 2-year sentence of imprisonment.

On April 28, 2000, the Service placed the respondent in removal proceedings and charged him with being removable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000), based on his conviction for an aggravated felony.  The Service argued that the respondent's conviction was for a crime of violence under section 101(a)(43)(F) of the Act.  The Immigration Judge found the respondent removable as charged, and the respondent appealed.  On February 28, 2001, we affirmed the Immigration Judge's decision without opinion pursuant to *Matter of Puente*, *supra*.  *See* 8 C.F.R. §  3.1(a)(7) (2001).

On March 14, 2001, the respondent moved for reconsideration of our decision and we granted that motion.  We looked to the specific terms of the Massachusetts statute, which provides that "[w]hoever . . . operates a motor vehicle while under the influence of intoxicating liquor . . . shall be punished."  Mass. Gen. Laws ch. 90, § 24(1)(a)(1).  Our examination revealed that, as interpreted by the Massachusetts courts, the essential element of "operating a vehicle" under the statute is "not limited to driving a vehicle or setting it in motion, but encompasses also the intentional act of starting the vehicle's engine." *Commonwealth v. Eckert*, 728 N.E.2d 312, 319 (Mass. 2000).  Acts such as sleeping behind the wheel of a car with the engine running or spinning the wheels of a car that cannot move might also

qualify as "operating a vehicle" under Massachusetts law. *See, e.g.*, *Commonwealth v. Ginnetti*, 508 N.E.2d 603, 603-05 (Mass. 1987); *Commonwealth v. Plowman*, 548 N.E.2d 1278, 1281 (Mass. App. Ct. 1990).

Because we determined that the Massachusetts statute encompassed such a broad range of offenses, we concluded that operating a vehicle while intoxicated in violation of that statute was not, by its nature, an offense that involved a substantial risk that force might be used in the commission of the crime. We found the respondent's conviction distinguishable from that in *Matter of Puente*, *supra*, and concluded that the Service had not demonstrated that the respondent's offense was a crime of violence. Accordingly, we vacated our February 28, 2001, order and terminated proceedings against the respondent.

## III. MOTION FOR RECONSIDERATION

A motion to reconsider is a "'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.'" *Matter of Cerna*, 20 I&N Dec. 399, 402 n.2 (BIA 1991) (quoting Hurwitz, *Motions Practice Before the Board of Immigration Appeals*, 20 San Diego L. Rev. 79, 90 (1982)), *aff'd*, *Cerna v. INS*, 979 F.2d 212 (11th Cir. 1992). The Service's motion to reconsider does not challenge our reading of Massachusetts law or our conclusion that an act such as sleeping behind the wheel of a car with its engine running is not a crime of violence under 8 U.S.C. § 16(b). The Service argues only that additional information included in the judgment of conviction is sufficient to establish that the respondent was, in fact, *driving* under the influence of alcohol and that he was convicted of that particular offense. *See Montero-Ubri v. INS*, 229 F.3d 319 (1st Cir. 2000) (permitting consideration of related charges, continued without a finding, which were reflected in the official conviction documents).

According to the Service, our rulings in *Matter of Puente*, *supra*, and *Matter of Magallanes*, *supra*, support the conclusion that driving under the influence, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. The Service therefore claims that we should vacate our decision terminating the respondent's removal proceedings and find him removable as charged.

## IV. INTERPRETATION OF "CRIME OF VIOLENCE"

The definition of an aggravated felony under section 101(a)(43)(F) of the Act includes a "crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense)" for which an alien

receives a term of imprisonment of at least 1 year. In turn, 18 U.S.C. § 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Interpretation of statutory language begins with the terms of the statute itself, and if those terms, on their face, constitute a plain expression of congressional intent, they must be given effect. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). If the statutory terms are ambiguous, the implementing agency must provide a reasonable interpretation of the provision that corresponds with congressional intent. *Id.* Where, as here, the language is plain, we are bound to ""'assume 'that the legislative purpose is expressed by the ordinary meaning of the words used.'"" *INS v. Cardoza-Fonseca*, 480 U.S. 421, 431-32 (1987) (quoting *INS v. Phinpathya*, 464 U.S. 183, 189 (1984) (quoting *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68 (1982) (quoting *Richards v. United States*, 369 U.S. 1, 9 (1962))))).

Neither party claims that the respondent's offense qualifies as a crime of violence under 18 U.S.C. § 16(a). Moreover, in connection with the Service's motion to reconsider, neither party has questioned our prior ruling that the respondent's offense is a felony for purposes of § 16(b). *See, e.g.*, *Matter of Madrigal*, 21 I&N Dec. 323, 326 (BIA 1996) (declining to address an issue that was not critical to the outcome of the case and was not raised by either party). The Service's motion turns on two arguments: its claim that the respondent was convicted of *driving* under the influence, and its assertion that this offense constitutes a crime of violence. The Service bases its second argument on our interpretation of § 16(b) in *Matter of Puente*, *supra*.

## A. Board Precedent

We have construed the terms of section 101(a)(43)(F) of the Act, defining a crime of violence, in a number of decisions that guide our review in this matter. As we first held in *Matter of Alcantar*, 20 I&N Dec. 801, 812 (BIA 1994), the *nature* of a crime, as elucidated by its generic elements, determines whether it is a crime of violence under § 16(b). *See also United States v. Winter*, 22 F.3d 15, 18 (1st Cir. 1994) (recognizing that "[t]o constitute a crime of violence, a felony must fit into one of several pigeonholes"). Thus, we follow a categorical approach, under which "we look to the statutory definition, not the underlying circumstances of the crime." *Matter of B-*, 21 I&N Dec. 287, 289 (BIA 1996).

We have held that although § 16(b) "does not require specific intent to do violence," an offense must have been committed at least recklessly to qualify as a crime of violence under this provision. *See Matter of Alcantar*, *supra*, at 813. We also have ruled consistently that in determining the nature of the offense under § 16(b), it is the conduct required to obtain a conviction, rather than the consequence resulting from the crime, that is relevant to our adjudication. *See Matter of Sweetser*, Interim Decision 3390, at 6-8 (BIA 1999). Specifically, we have recognized that "'the use of physical force' is an act *committed* by a criminal defendant, while the 'risk of physical injury' is a *consequence* of the defendant's acts." *Id.* at 8 (distinguishing the risk of force from the risk of injury and citing *Matter of Alcantar*, *supra*, at 806 n.3); *see also Matter of Puente*, *supra*, at 11 (distinguishing the use of physical force as "an act *committed* by a criminal defendant" from the risk of physical injury, which is "a *consequence* of a criminal defendant's actions").

If the language of a statute encompasses some offenses that would constitute a crime of violence under § 16(b) and some that would not, we may look to the record of conviction and the other documents admissible in proving a criminal conviction to assess the nature of the specific offense for which the alien was convicted. *Matter of Sweetser*, *supra*; *see also United States v. Winter*, *supra*, at 18 (stating that "if the statutory description is inscrutable, or if it blankets both violent and non-violent crimes, a court may peek beneath the coverlet"). In making such an inquiry, we still do not delve into the underlying facts that may have been presented in the criminal proceeding, but focus instead on the elements of the offense that had to be proven to sustain a conviction. *Matter of Sweetser*, *supra*, at 6, 7.

## B. *Matter of Puente*

In *Matter of Puente*, *supra*, we concluded that driving while intoxicated under section 49.04 of the Texas Penal Code was a crime of violence under 18 U.S.C. § 16(b). We found that "[t]he plain meaning of the word 'operate' connotes an effort, or the doing of something by the operator," and that "§ 16(b) is not limited to crimes of specific intent, but includes at a minimum reckless behavior." *Id.* at 9-10 (citing *Matter of Alcantar*, *supra*, at 813). We also restated our finding in *Matter of Magallanes*, *supra*, that "drunk driving is an inherently reckless act." *Matter of Puente*, *supra*, at 10.

Although we "recognize[d] that criminal offenses that have the potential for harm do not always carry a substantial risk that force will be used in their commission," we reiterated that "driving under the influence involves a substantial risk that a driver will injure someone in an accident." *Matter of Puente*, *supra*, at 11 (citing *Matter of Magallanes*, *supra*). Thus, in *Matter of Puente*, we went one step beyond our ruling in *Matter of Alcantar* and concluded that driving under the influence, which is a strict liability offense

under Texas law, was a crime of violence.  *Id.* at 10; *cf. Matter of Alcantar*, *supra*, at 813.

## C.  Circuit Court of Appeals Rulings on Driving Under the Influence

Since we issued *Matter of Puente* in 1999, two federal circuit courts of appeals have deferred to our ruling in that decision.  *See Tapia Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001) (deferring to the Board's interpretation of the statute because it is reasonable); *Le v. United States Attorney General*, 196 F.3d 1352 (11th Cir. 1999) (same).  In contrast, four circuit courts that have reviewed the statute, de novo, have agreed that the risk involved in driving under the influence is not the risk that the driver may "use" force against the person or property of another to carry out the crime and therefore driving under the influence does not amount to an offense covered by § 16(b). *See United States v. Trinidad-Aquino*, 259 F.3d 1140 (9th Cir. 2001); *Dalton v. Ashcroft*, 257 F.3d 200, 207-08 (2d Cir. 2001); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001); *United States v. Chapa-Garza*, 243 F.3d 921, 926 (5th Cir. 2001); *see also Montiel-Barraza v. INS*, 275 F.3d 1178 (9th Cir. 2002).

Of these circuits, three have specifically reversed our decisions.  The fourth has mandated that its decisions interpreting provisions of section 101(a)(43) of the Act in the context of federal sentence enhancement are applicable in immigration proceedings.  *See United States v. Hernandez-Avalos*, 251 F.3d 505 (5th Cir.), *cert denied*, 122 S. Ct. 305 (2001); *see also Matter of Olivares*, 23 I&N Dec. 148 (BIA 2001).  We are unquestionably bound to follow these rulings.  *See Matter of K-S-*, 20 I&N Dec. 715 (BIA 1993); *Matter of Anselmo*, 20 I&N Dec. 25 (BIA 1989).

In addition, the decisions of the United States Court of Appeals for the Third Circuit strongly suggest that it would find, at the very least, that a crime requiring only criminal negligence or no mens rea at all is not an offense that, by its nature, involves a substantial risk that physical force may be used in the course of committing the crime.  *See Francis v. Reno*, 269 F.3d 162, 172-73 (3d Cir. 2001) (stating that vehicular homicide, which requires only proof of criminal negligence, is not an offense that, by its nature, involves a substantial risk that physical force may be used in its commission); *United States v. Parson*, 955 F.2d 858, 866 (3d Cir. 1992) (indicating that "use of physical force" refers to an intentional act, and that although a drunk driver may risk causing injury, in most cases he does not intend to "use" force to cause this harm).  Therefore, the rulings of the Third Circuit suggest that it may be inclined to follow the Second, Fifth, Seventh, and Ninth Circuits in concluding that driving under the influence is not a crime of violence.

The First Circuit, in which the present case arises, has indicated that the term "violent felony" in 18 U.S.C. § 924(e)(2), covering offenses that present a serious potential risk of physical *injury*, calls to mind "a tradition of crimes that involve the possibility of more closely related, active violence." *United States v. Doe*, 960 F.2d 221, 225 (1st Cir. 1992). The court found, in dicta, no reason to believe that Congress intended a risk-creating crime such as drunken driving to constitute a violent felony, warranting sentence enhancement. *Id.* However, the First Circuit has yet to rule squarely on whether driving under the influence is a crime of violence under § 16(b), covering offenses that pose a substantial risk that physical *force* may be used in committing the offense. Accordingly, if we were to agree with the Service's contention that the judgment of conviction establishes that the respondent was convicted of *driving* a motor vehicle while under the influence of alcohol, our ruling in *Matter of Puente* would be controlling. *Matter of Olivares*, *supra*.

We do not feel, however, that we can simply apply *Matter of Puente* to the respondent's case without examining that decision in light of the development of circuit court law since we first addressed whether driving under the influence is a crime of violence. Under these circumstances, we need not decide whether the respondent was actually convicted of *driving* under the influence, but will turn directly to the question whether driving under the influence is a crime of violence under § 16(b).

## V. DRIVING UNDER THE INFLUENCE AS A CRIME OF VIOLENCE

The Second, Fifth, Seventh, and Ninth Circuits disagree with our decision in *Matter of Puente*, *supra*, that a conviction for driving under the influence, without more, is sufficient to constitute a crime of violence as defined under 18 U.S.C. § 16(b). Although these circuit courts have followed different lines of reasoning to arrive at the conclusion that driving under the influence is not a crime of violence, they agree on one point: the language of § 16(b) specifically excludes offenses in which the accidental application of physical force may result from the commission of the offense.

In other words, the physical force involved must be volitional rather than accidental, and there must be a substantial risk that such force may be *used* in the course of committing the crime, i.e., to accomplish the original criminal objective. The circuit courts adopting this common conclusion have based their views on the meaning of the particular terms "use," "against," and "in the course of committing the offense" that are found in § 16(b), as well as on their conclusion that the mens rea involved must be either intentional or reckless.

## A. "May Be *Used*" and "*Against*"

The Second, Fifth, Seventh, and Ninth Circuits have each analyzed the phrase "may be used" in § 16(b) and concluded that this phrase, when read alone or in conjunction with the rest of the provision, requires volitional, and not accidental, force. In *United States v. Chapa-Garza*, *supra*, at 926, the Fifth Circuit found that "[t]he criterion that the defendant use physical force against the person or property of another is most reasonably read to refer to intentional conduct, not an accidental, unintended event." In support of its conclusion, the court cited the definition of "use" in the *American Heritage College Dictionary*. *Id.* It noted that its interpretation was consistent with the reasoning articulated in *United States v. Parson*, *supra*, at 866, in which the Third Circuit found that the "use of physical force" is an intentional act and noted that drunk drivers do not intend to "use" force to harm others. *United States v. Chapa-Garza*, *supra*, at 926.

The Seventh Circuit also cited *Parson* and found that § 16(b) requires intentional rather than accidental force. *See Bazan-Reyes v. INS*, *supra*, at 607. The court noted that it had considered the meaning of the word "use" in the context of its construction of the United States Sentencing Guidelines in *United States v. Rutherford*, 54 F.3d 370 (7th Cir. 1995), and determined that the phrase "use of physical force" implies "'an intentional act rather than the mere application or exertion of force.'" *Bazan-Reyes v. INS*, *supra*, at 608 (quoting *United States v. Rutherford*, *supra*, at 372-73).[1] In *Rutherford*, the court explained:

> Force is exerted in many instances where it is not employed for any particular purpose. For example, earthquakes and avalanches involve the exertion of a tremendous amount of force. . . . Referring to a randomly occurring avalanche as a "use" of force would torture the English language. . . . A drunk driver who injures a pedestrian would not describe the incident by saying he "used" his car to hurt someone. In ordinary English, the word "use" implies intentional availment. No availment of force in order to achieve an end is present in a drunk driving accident.

*United States v. Rutherford*, *supra*, at 372-73 (footnote omitted).

The Second Circuit concurred, finding that the word "use" indicates that § 16(b) "'refers only to those offenses in which there is a substantial likelihood that the perpetrator will *intentionally employ* physical force . . . not [to] an accidental, unintended event.'" *Dalton v. Ashcroft*, *supra*, at 208 (quoting *United States v. Chapa-Garza*, *supra*, at 926) (emphasis added). The court stated that the language of § 16(b) "fails to capture the nature of the risk

---

[1] In *Bazan-Reyes v. INS*, *supra*, the Seventh Circuit found that its reference in *Rutherford* to a statutory provision that was analogous to § 16(a) applied equally to § 16(b). *Id.* at 608. Accordingly, the court ruled that the language of § 16(b) simply did not support a finding that a risk that one object will apply force to another is enough to constitute a crime of violence. *Id.*

inherent in drunk driving," noting that the risk in drunk driving is the risk of an ensuing accident, not the risk that the driver will use physical force in the course of driving the vehicle. *Dalton v. Ashcroft*, *supra*, at 206. The court stated that physical force could not reasonably be interpreted as a foot on the accelerator or a hand on the steering wheel, or all driving would, by definition, involve the use of force. *Id.* Moreover, the court dismissed the Government's argument that a defendant would be using physical force if he or she had an accident. The court stated that an accident "may properly be said to involve force," but "one cannot be said to *use* force in an accident as one might use force to pry open a heavy, jammed door." *Id.*

Finally, the Ninth Circuit stated that "in ordinary, contemporary, and common parlance, the 'use' of something requires a volitional act." *United States v. Trinidad-Aquino*, *supra*, at 1145 (citing *Black's Law Dictionary* 1541 (6th ed. 1990)). The court also noted that § 16(b)'s requirement that the physical force be used *against* the person or property of another indicated that "there must be a volitional feature with regard to the impact or collision, and not simply with regard to the use of the physical force itself." *Id.* The court indicated that "it does not make sense to say that [a] person is volitionally using physical force *against* someone or something when he neither intended to hit the person or thing nor consciously disregarded the risk that he might do so." *Id.*; *see also Montiel-Barraza v. INS*, *supra*, at 1180 ("If driving under the influence with injury to another does not amount to an aggravated felony, then logically a violation of the lesser offense cannot qualify as an aggravated felony.").

## B. "In the Course of Committing the Offense"

The circuit courts also agree, either implicitly or explicitly, that the phrase "in the course of committing the offense" in § 16(b) indicates that the provision relates to the potential acts an offender might undertake to carry out the principal offense rather than the potential consequences that might result from a crime. *See also Matter of Sweetser*, *supra*. Pointing to its ruling in *United States v. Velazquez-Overa*, 100 F.3d 418 (5th Cir. 1996), the Fifth Circuit stated that "the physical force described in section 16(b) is that 'used in the course of committing the offense', not that force that could result from the offense having been committed." *United States v. Chapa-Garza*, *supra*, at 924.

The Second and Seventh Circuits have followed the Fifth Circuit's ruling in this regard. In doing so, the Seventh Circuit found specifically that "[a]lthough we agree with the BIA that the nature of the crime is the 'core concept of § 16(b),' the words 'by its nature' do not change the meaning of the words 'may be used in the course of committing the offense.'" *Bazan-Reyes v. INS*, *supra*, at 611; *see also Dalton v. Ashcroft*, *supra*, at 206 (stating that

the risk involved in drunk driving is the risk of an ensuing accident, "it is not the risk that the driver will 'use physical force' in the course of driving the vehicle"). The Ninth Circuit did not address this issue, but its finding that a driver does not volitionally use force against the person or property of another simply by driving the car implies that it agrees with this reading of § 16(b). *See United States v. Trinidad-Aquino*, *supra*, at 1145.

## C. Level of Intent Required:  At Least Recklessness

In finding that a crime must involve volitional rather than accidental force before it may qualify as a crime of violence under § 16(b), the Fifth, Seventh, and Ninth Circuits all addressed the level of intent required to place a crime in this category. On the one hand, the Fifth and Seventh Circuits have implied that a mens rea of pure recklessness may not be enough; an individual must instead act with "recklessness plus" or "recklessness as regards the substantial likelihood that the offender will *intentionally employ force* against the person or property of another in order to effectuate commission of the offense." *United States v. Chapa-Garza*, *supra*, at 925, 927 (emphasis added); *see also Bazan-Reyes v. INS*, *supra*, at 611. The Seventh Circuit has concluded that drunk driving convictions are not crimes of violence under § 16(b) "[b]ecause '[i]ntentional force . . . is virtually never employed to commit' any of the [drunk driving] offenses for which petitioners were convicted." *Bazan-Reyes v. INS*, *supra*, at 612 (quoting *United States v. Chapa-Garza*, *supra*, at 927).

The Ninth Circuit, on the other hand, has concluded that a mens rea of recklessness is sufficient to constitute a crime of violence. *See United States v. Trinidad-Aquino*, *supra*, at 1145. The Second Circuit has not specifically articulated an intent requirement, but in recognizing that "[t]here are many crimes that involve a substantial risk of injury but do not involve the use of force," the court recognized that "[c]rimes of gross negligence or reckless endangerment, such as leaving an infant alone near a pool, involve a risk of injury without the use of force." *Dalton v. Ashcroft*, *supra*, at 207.

The common thread in all of these rulings is that, according to the statutory language, something more than negligence is required before an offense may qualify as a crime of violence under § 16(b). In other words, a crime must be committed at least recklessly before it can be found to involve a substantial risk that the perpetrator will resort to force to complete it.

## VI.  REEXAMINATION OF *MATTER OF PUENTE*

A majority of the federal circuit courts that have addressed whether driving under the influence is a crime of violence, and therefore an aggravated felony under section 101(a)(43)(F) of the Act, have, either explicitly or implicitly, disagreed with our reasoning in *Matter of Puente*, *supra*. Consistent with our

decision in *Matter of Alcantar*, *supra*, at 812, these courts have looked to the elements of the offense necessary to obtain a conviction and focused on the risk that the perpetrator may resort to physical force in committing the offense. They have not given any weight to the "inherent risk" that an accident may occur. *Cf. Matter of Puente*, *supra*, at 10.

The offenses at issue in each circuit, like the Texas offense at issue in *Matter of Puente*, were either strict liability crimes or crimes that required only proof of negligence for conviction. The courts found that, at a minimum, an offense must be committed at least recklessly to meet the "volitional force" requirement contained in the word "use." In addition, these courts declined to differentiate between the terms "use" and "may be used." *Cf. id.* at 10 (criticizing the respondent's argument for "fail[ing] to acknowledge the significant contextual distinction between the term 'use' in § 16(a) and the phrase 'may be used' in § 16(b)"). These courts have also concluded that the risk that an accident that may occur as the result of driving under the influence does not establish that, by its nature, the crime of driving under the influence involves a substantial risk that force may be used in the course of committing the offense. *Cf. id.* Accordingly, none of the offenses were found to qualify as crimes of violence under § 16(b).

These circuit court decisions are compatible with the majority of the decisions in which we have interpreted the term "crime of violence." For example, requiring that an offense be committed at least recklessly before it can be deemed a crime of violence under § 16(b) echoes our ruling in *Matter of Alcantar*, *supra*, in which we determined that a mens rea of at least recklessness was required. In *Alcantar*, we also recognized that the risk of force related to acts the offender might undertake in carrying out the principal offense. *Id.* at 808 (finding that the covered crimes were ones that "'" by their nature" create a situation in which it is likely that the criminal may resort to physical force to accomplish the criminal end.'" (quoting *United States v. Springfield*, 829 F.2d 860, 863 (9th Cir. 1987)). Thus, we suggested that § 16(b) required active violence, rather than accidental force.

In addition, requiring that an individual affirmatively use force to carry out a crime is consistent with our ruling in *Matter of Sweetser*, *supra*, in which we held that negligent homicide was not a crime of violence. The focus on action rather than inaction in these circuit courts' driving under the influence decisions underscores that it is the conduct that may be used to perpetrate the offense, rather than the risk of injury or consequences flowing from the crime, that is crucial in determining the nature of the offense. *See Matter of Sweetser*, *supra*, at 6, 8.

Given these considerations and our strong interest in ensuring that aliens receive uniform treatment nationwide, we withdraw from our rulings in *Matter of Puente*, *supra*, and *Matter of Magallanes*, *supra*. We will follow the law of the circuit in those circuits that have addressed the question whether

driving under the influence is a crime of violence. *See Matter of Anselmo*, *supra*. In those circuits that have not yet ruled on the issue, we will require that the elements of the offense reflect that there is a substantial risk that the perpetrator may resort to the use of force to carry out the crime before the offense is deemed to qualify as a crime of violence under § 16(b). Moreover, we will require that an offense be committed at least recklessly to meet this requirement.

## VII. APPLICATION TO THE RESPONDENT

In this case, the respondent was convicted of operating a motor vehicle while under the influence of intoxicating liquors in violation of chapter 90, section 24(1)(a)(1) of the Massachusetts General Laws. We have assumed, for the purpose of this motion, that he was convicted of actually driving under the influence rather than of engaging in any other act that might qualify as "operating" under Massachusetts law.

We find that the respondent's offense of driving under the influence in violation of Massachusetts law is not a crime that, by its nature, involves a substantial risk that the perpetrator may use force against the person or property of another to carry out the particular offense. Simply put, the risk that the respondent may have an accident is not the same as the risk contemplated by § 16(b). The crime is accomplished when the perpetrator unlawfully drives while under the influence.

First, even if there is a risk that an accident might occur, a conviction for this offense does not require a showing that the respondent intentionally, or even volitionally, *used* force against another in the course of driving under the influence. *See Commonwealth v. Wallace*, 439 N.E.2d 848 (Mass. App. Ct. 1982) (discussing the mental element of chapter 90, section 24(1)(a)(1) of the Massachusetts General Laws and finding that, to be convicted under this statute, an alien must have known, or had reason to know, of the possible effects of a drug or alcohol on his driving abilities). Second, there is no basis to conclude that the respondent might have to cause such an accident in order to carry out his crime. Accordingly, the respondent's offense cannot constitute a crime of violence under § 16(b) of the Act, and it does not qualify as an aggravated felony under section 101(a)(43)(F) of the Act.

We therefore conclude that the Service has failed to establish that the respondent is removable as an aggravated felon under section 237(a)(2)(A)(iii) of the Act, and we again terminate the proceedings against the respondent.

**ORDER:** The motion to reconsider submitted by the Immigration and Naturalization Service is granted, and the August 8, 2001, decision of the Board is vacated.

**FURTHER ORDER:** The removal proceedings against the respondent are terminated.

*CONCURRING OPINION*: Lauri Steven Filppu, Board Member

I respectfully concur.

In *Matter of Puente*, Interim Decision 3412 (BIA 1999), and *Matter of Magallanes*, Interim Decision 3341 (BIA 1998), we faced the question whether a felony offense for driving under the influence of alcohol constituted a crime of violence under 18 U.S.C. § 16(b) (2000) at a time when there was little case law from the federal courts of appeals on the issue and no controlling precedent directly on point. Since then, several courts of appeals have explicitly rejected our reading of 18 U.S.C. § 16(b), two circuits have deferred to us, but no circuit has *independently* agreed with and adopted our interpretation as its own understanding of the statute.

In view of this more recent case law, the majority's current interpretation of 18 U.S.C. § 16(b) reflects a very reasonable reading of this criminal law provision. But I also understand the reasonableness of the view we initially adopted in *Puente* and *Magallanes* to be reflected in the various rulings that give deference to our prior interpretation, as well as in the circuit court dissents that are consistent with that prior reading. *See United States v. Trinidad-Aquino*, 259 F.3d 1140, 1147-48 (9th Cir. 2001) (Kozinski, J., dissenting); *Dalton v. Ashcroft*, 257 F.3d 200, 209-10 (2d Cir. 2001) (Walker, C.J., dissenting); *Tapia Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001) (deferring to the Board's prior interpretation); *Le v. United States Attorney General*, 196 F.3d 1352 (11th Cir. 1999) (same). Despite what appears to be the inconclusive state of the law, I agree with the majority that we should not continue to apply *Puente* and *Magallanes* in circuits that have not specifically spoken on this issue.[1]

The meaning of the crime of violence provision in 18 U.S.C. § 16 is a question of federal criminal law. At its core, it does not become a question of civil immigration law merely because the statute incorporates it by reference in the "aggravated felony" definition in section 101(a)(43)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F) (2000). Because it is a question of federal criminal law, we owe deference to the construction given the statute by the federal circuit courts of appeals. Those courts do not owe deference to our reading of 18 U.S.C. § 16. *See Adams Fruit Co. v. Barrett*, 494 U.S. 638 (1990) (explaining that deference does not extend to an agency's interpretation of a judicially enforceable portion of a statute); *Crandon v. United States*, 494 U.S. 152, 168 (1990) (Scalia, J., concurring

---

[1] I would continue to follow our prior rulings in the United States Courts of Appeals for the Tenth and Eleventh Circuits because, as the dissenting opinion notes, there are indications that these circuits agreed with our rulings, in addition to deferring to them.

in judgment) (stating that deference does not apply to the interpretation of a criminal statute administered by the courts).

When resolving an ambiguity in the meaning of a federal criminal statute, we should look first to the law of the circuit in which the case arises. If that fails to provide an answer, an examination of the law of other circuits should follow. We ought further to apply the interpretation in any consistent body of case law we find, absent strong reasons to believe that interpretation is wrong. We may, of course, be forced to offer our own interpretation of federal criminal law at times, but our reading of a criminal statute does not carry any extra weight merely because we faced the question before the courts of appeals faced it. Importantly, we should withdraw from our own reading of criminal law in the face of a consistent rejection of that reading by the courts of appeals, just as we would follow a consistent judicial interpretation that already exists when we first confront a question of federal criminal law that has arisen many times before in the criminal context, but perhaps not in our own context.

The principal concern I have with the majority's ruling is that it once again can be seen to announce *the Board's* reading of criminal law for Immigration Judges and the parties to follow in removal cases, if there is no controlling law in the particular circuit in which the case arises. We tread on thin ice, however, when we attempt to offer yet another definitive reading of criminal law, particularly given the various rationales offered by the courts of appeals on the meaning of a "crime of violence" in this precise context.

As sensible as the majority's reading currently appears, we would do better to refer the parties and the Immigration Judges to circuit court law as their starting point in cases such as this. Although the rationales of the courts vary, those courts which clearly announce their own interpretations of the statute have all agreed that a driving while intoxicated crime such as the respondent's is not a crime of violence. I concur in the result reached by the majority because these courts of appeals have rejected our interpretation and no court has *independently* determined that the criminal law actually means what we declared it to be in *Puente* and *Magallanes*.

*CONCURRING OPINION:* Roger A. Pauley, Board Member, in which Lori L. Scialabba, Acting Chairman, joined

I respectfully concur and write to emphasize my understanding of the limited nature of the holding in this case.

Although a determination that an offense is a "crime of violence" under 18 U.S.C. § 16(b) (2000) necessitates a finding that the crime involves a volitional, rather than negligent, act, as the majority opinion amply explains,[1]

---

[1]  As the majority opinion finally gets around to noting, in its penultimate paragraph, the

(continued...)

it also requires a determination that the act involves a risk that physical force will be used in the offense (more precisely, the "substantial risk that physical force against the person or property of another may be used in the course of committing the offense").

I agree with the federal courts of appeals that have focused on the type of "physical force" contemplated by the statute that, consistent with the title of the statutory provision in question and the terminology of the phrase being defined (i.e., "crime of violence"), the type of physical force involved must be violent or destructive in nature. *See, e.g., Dalton v. Ashcroft*, 257 F.3d 200, 206 (2d Cir. 2001); *Bazan-Reyes v. INS*, 256 F.3d 600, 611 (7th Cir. 2001); *United States v. Ceron-Sanchez*, 222 F.3d 1169, 1172 (9th Cir. 2000).[2] Some volitional uses of a vehicle, e.g., unlawfully stopping a vehicle to rest on a highway while under the influence of alcohol or drugs, do not involve the kind of physical force necessary to meet the "crime of violence" definition.

However, other volitional uses of a vehicle may qualify. A person may unleash destructive or violent force through a nonviolent act, such as pulling the trigger of a loaded firearm or pressing a button that electronically sets off a bomb or releases a torrent of water. A vehicle may also be used in this manner, as by recklessly, knowingly, or deliberately releasing the brake or stepping on the gas. Thus, I do not wish that my joining in the majority opinion should be construed as expressing or implying a belief that volitional misuse of a vehicle, while the actor is intoxicated or otherwise, can never be a crime of violence. Indeed, it is only because the statute in this case reaches negligent misuse that the respondent's (assumed) act of driving the vehicle while under the influence of alcohol escapes the "crime of violence" definition. *See Francis v. Reno*, 269 F.3d 162, 172-73 (3d Cir. 2001).

Moreover, even if I believed that *Matter of Puente*, Interim Decision 3412 (BIA 1999), was properly decided, the fact that, as the majority opinion points out, at least four courts of appeals have rejected its reasoning, whereas none has endorsed it other than by according it "*Chevron*" deference, would cause me at this juncture to bow to the weight of federal appellate court authority in the interest of uniform application of the immigration laws. The four circuits that have rejected *Matter of Puente, supra*—the Second, Fifth,

---

[1] (...continued)

Massachusetts statute at issue in this case has been authoritatively construed by the Massachusetts Supreme Judicial Court as requiring no more than a negligent state of mind. Hence, and crucially, the respondent cannot satisfy the volitional element of the "crime of violence" definition.

[2] The *Ceron-Sanchez* decision construed 18 U.S.C. § 16(a), but as both branches of the "crime of violence" definition employ the identical phrase, "physical force," it would be a strange jurisprudence to find that Congress intended a different meaning for the same words in the two branches.

Seventh, and Ninth—collectively account for a large percentage, perhaps a majority, of the cases that come before Immigration Judges and the Board. Accordingly, for the Board to persist in defending a precedent decision in the remaining circuits (two more of which, as the majority opinion also shows, have issued decisions that appear to indicate that they, too, would likely not uphold the reasoning or result in *Matter of Puente*) would only have the effect of continuing and exacerbating an uneven application of the immigration laws relating to the recurring issue whether driving under the influence, pursuant to a statute that punishes such conduct when committed negligently, constitutes a crime of violence.

Although I do not believe that the Board should withdraw from precedent decisions it considers to be well reasoned simply because one or more courts of appeals announces its disagreement, here the number of adverse appellate court rulings, and the fact that the scoreboard is so lopsidedly arrayed against the *Puente* precedent, counsels strongly in favor of the Board's abandoning *Puente* and adopting the prevailing appellate court view. If Congress wishes to overturn this outcome and to include negligent DUI felony offenses within the "crime of violence" definition, it is of course free to do so.

*DISSENTING OPINION:* Gerald S. Hurwitz, Board Member, in which Mary Maguire Dunne, Vice Chairman; David B. Holmes, Patricia A. Cole, Edward R. Grant, Anthony C. Moscato, Kevin A. Ohlson, and Frederick D. Hess, Board Members, joined

I respectfully dissent. I believe that our ruling in *Matter of Puente*, Interim Decision 3412 (BIA 1999), is correct. Moreover, I do not believe that the federal courts have adopted a uniform approach to the question whether driving under the influence is a crime of violence under 18 U.S.C. § 16(b) (2000). I therefore would continue to apply *Matter of Puente* to cases like the respondent's where there is no controlling circuit court precedent.

We first addressed the question whether driving under the influence qualifies as a crime of violence in *Matter of Magallanes*, Interim Decision 3341 (BIA 1998). In that case, we discussed the risks inherent in drunk driving, and we found that aggravated driving under the influence in violation of Arizona law "is the type of crime that involves a substantial risk of harm to persons and property." *Matter of Magallanes*, *supra*, at 6. We also found that drunk driving is an inherently reckless act. *Id.* We therefore concluded that driving under the influence was a crime of violence under § 16(b).

In *Matter of Sweetser*, Interim Decision 3390 (BIA 1999), we clarified our ruling in *Matter of Magallanes*, *supra*. We noted that, although we had used the phrase "risk of harm" in determining that driving under the influence was a crime of violence under § 16(b), our ruling in *Matter of Magallanes* had turned on the conduct required for conviction rather than on the risk of injury.

We explained that driving under the influence *does* involve a substantial risk that a driver will injure another in an accident, but we noted that this risk is directly related to the risk that physical force may be used. We stressed that this link between the use of force and the risk of harm is required before a crime may qualify as a crime of violence under § 16(b). *See Matter of Sweetser*, *supra*, at 9.

In *Matter of Puente*, *supra*, we again addressed the question whether driving under the influence qualifies as a crime of violence under § 16(b), and we expanded upon our rulings in *Matter of Magallanes* and *Matter of Sweetser*. The Texas statute at issue in *Matter of Puente* punished a slightly wider range of conduct than the statute at issue in *Matter of Magallanes*, *supra*. Nevertheless, we found that operating a motor vehicle in a public place while under the influence, as defined in Texas law, involved a substantial risk that physical force against the person or property of another might be used in the course of committing the offense. *Matter of Puente*, *supra*, at 10-11.

The respondent in *Matter of Puente* argued that his crime did not fall within § 16(b) because that provision required a specific intent to use force. We disagreed, explaining that we had addressed this question in *Matter of Alcantar*, 20 I&N Dec. 801 (BIA 1994), and had concluded that "§ 16(b) is not limited to crimes of specific intent, but includes at a minimum reckless behavior." *Matter of Puente*, *supra*, at 10. We also noted that driving under the influence is an inherently reckless act. *Id.* (*citing Matter of Magallanes*, *supra*). And we found that imposing a specific intent requirement was not reasonable given the language of the statute. We pointed out that § 16(a) employed the term "use" whereas § 16(b) contained the phrase "may be used." We found that this distinction was significant and counseled against reading a specific intent requirement into § 16(b). *Matter of Puente*, *supra*.

Since we issued our ruling in *Matter of Puente*, two federal circuit courts have agreed that driving under the influence is a crime of violence. In *Le v. United States Attorney General*, 196 F.3d 1352, 1354 (11th Cir. 1999), the United States Court of Appeals for the Eleventh Circuit found that driving under the influence with serious bodily injury, in violation of section 316.193(3) of the Florida Statutes, was a crime of violence under 18 U.S.C. § 16(a) because the use of physical force was an element of the crime. And in *Tapia Garcia v. INS*, 237 F.3d 1216, 1222 (10th Cir. 2001), the Tenth Circuit upheld our ruling that driving under the influence of alcohol or drugs in violation of Idaho law was a crime of violence under § 16(b).

The Tenth Circuit applied a deferential standard of review in evaluating our ruling, but it also inserted some of its own reasoning to support its conclusion that our interpretation of § 16(b) was reasonable. *See id.* at 1222-23. The court cited case law which described the risks involved in drunk driving and stated that "the well-documented danger inherent in drunk

driving supports the conclusion that a DUI offense may also constitute a crime of violence under § 16(b) because the generic elements of the offense present 'a substantial risk that physical force . . . may be used.'" *Id.* at 1223. These statements suggest that the court not only deferred to our view but also agreed with our approach.

Four other circuits have addressed the drunk driving issue and have disagreed with our ruling in *Matter of Puente*, *supra*. *See United States v. Trinidad-Aquino*, 259 F.3d 1140 (9th Cir. 2001); *Dalton v. Ashcroft*, 257 F.3d 200 (2d Cir. 2001); *Bazan-Reyes v. INS*, 256 F.3d 600 (7th Cir. 2001); *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001); *see also Montiel-Barraza v. INS*, 275 F.3d 1178 (9th Cir. 2002). The rulings of these circuits, however, are not identical. Each circuit has approached the issue slightly differently, and the circuits do not agree on the type of force required under § 16(b). The Fifth and Seventh Circuits have found that § 16(b) refers only to those offenses in which there is a substantial likelihood that the perpetrator will intentionally employ physical force against the person or property of another. *See United States v. Chapa-Garza*, *supra*, at 925; *Bazan-Reyes v. INS*, *supra*, at 611. The Ninth Circuit, on the other hand, has found that intentional conduct is not required. *See United States v. Trinidad-Aquino*, *supra*, at 1146. And the Second Circuit has not directly addressed the intent requirement. The Second Circuit instead has stated that the risk inherent in drunk driving is not the risk that the driver will "use physical force" in the course of driving the vehicle. *See Dalton v. Ashcroft*, *supra*, at 206-07.

These rulings do not offer either a uniform reading of § 16(b) or a consistent approach to the question whether driving under the influence is a crime of violence. Moreover, two of the decisions contain strong dissents. *See Dalton v. Ashcroft*, *supra*, at 209 (Walker, C.J., dissenting); *United States v. Trinidad-Aquino*, *supra*, at 147-48 (Kozinski, J., dissenting). Chief Judge John M. Walker of the Second Circuit dissented from his colleagues because he found that, even if the word "use" in § 16(b) involves intentional availment, "driving inevitably involves intentional use of force: the driver necessarily intends to use mechanized force to propel the vehicle to its destination." *Dalton v. Ashcroft*, *supra*, at 209. Chief Judge Walker went on to state that all driving involves some risk that physical force my be used against the person or property of another, but driving under the influence makes that risk substantial. *Id.*

Judge Kozinski of the Ninth Circuit also found that driving under the influence fell within the confines of § 16(b). He agreed with the *Trinidad-Aquino* majority that recklessly disregarding a known risk is a sufficient mental state to form the basis of an aggravated felony under § 16(b), but he noted that the majority ignored the reckless conduct involved in driving under the influence, namely, drinking and driving. Judge Kozinski

found that this conduct qualified as a crime of violence under Ninth Circuit precedent, and he therefore disagreed with the majority's conclusion. *United States v. Trinidad-Aquino*, *supra*, at 1148.

In addition, Judge Rhesa Hawkins Barksdale of the Fifth Circuit dissented from her circuit's denial of a petition to rehear *United States v. Chapa-Garza*, *supra*, en banc. *See United States v. Chapa-Garza*, 262 F.3d 479 (5th Cir. 2001) (Barksdale, J., dissenting). In her dissent, she indicated that she disagreed with the ruling in *United States v. Chapa-Garza*, 243 F.3d 921, and stated that the gravity of the drunk driving issue demanded further review. *United States v. Chapa-Garza*, 262 F.3d at 485 (Barksdale, J., dissenting).

These dissents show that, even within the circuits that have disagreed with *Matter of Puente*, there is support for the Board's ruling. Moreover, they highlight the lack of uniformity in the circuit court findings. The circuit courts have approached the drunk driving issue from a variety of perspectives and have not offered a clear and uniform interpretation of § 16(b). Given this lack of unanimity, I do not believe it is appropriate to withdraw from our ruling in *Matter of Puente*, *supra*. I would therefore continue to apply *Matter of Puente* to cases like the respondent's that arise within the circuits that have not ruled on the issue or have not differed with our interpretation.