OPINION
PER CURIAM.
Petitioner Bhajan Singh seeks review of both a final order of removal and denial of *800 his motion for reconsideration. For the reasons that follow, we will deny the petition for review.
I
Singh is a native and citizen of India. He entered the United States in March 1998 and overstayed the roughly four weeks permitted by his non-immigrant visa. Singh was issued a notice to appear in May 2003, and he conceded removability. He sought withholding of removal and protection under the Convention Against Torture (“CAT”), alleging past and future persecution on account of his religion (Sikhism) and political views. He conceded ineligibility for asylum based on his failure to file for such relief within the one-year filing deadline.
At a hearing before an Immigration Judge (“IJ”) in New Jersey, Singh testified that he was jailed once in 1978 and again in 1980 because of his membership in Akalidal, a political party that advocates for Sikhs and for the creation of an independent Sikh state. (A.R.97-100, 102-103.) Singh testified that during his first incarceration, prison officials “kept beating me on the head ... They beat me very badly.” (A.R.101.) He testified that he experienced similar treatment during the second incarceration. (A.R.103.) Singh also testified that he fears returning to India because the police “are looking for [him].” (A.R.104.)
The IJ found that Singh lacked credibility. The IJ’s opinion pointed to several inconsistencies in Singh’s testimony and the dubious nature of certain exhibits, as well as material omissions from his 1-589 and 1-485 applications. The IJ also reviewed the documentary evidence related to country conditions in India, and specifically evidence concerning Sikhs and the Akalidal political party. The IJ stated in his decision that “[e]ven if [Singh] did experience harsh treatment after either [the 1978 and 1980] arrests he remained in India for more than 17 years thereafter without any problem, and the circumstances in India [as] indicated by the background material have substantially improved.” (A.R.42.) Thus, the IJ found that Singh was not entitled to withholding of removal or relief under the CAT.
In his notice of appeal to the Board of Immigration Appeals (“BIA”), Singh argued that he had “satisfied his evidentiary burden of proof and persuasion of showing it is more likely than not he would be persecuted on account of being a Sikh if he were to return to his native India,” and that he had demonstrated past and prospective torture at the hands of the “Hindu police.” (A.R.27.) He did not contest the IJ’s adverse credibility determination. By order dated July 28, 2008, the BIA adopted the decision of the IJ and dismissed Singh’s appeal, noting that he had not “addressed on appeal the omissions and discrepancies cited by the Immigration Judge in finding that [Singh] did not testify credibly, and we do not find the Immigration Judge’s adverse credibility determination to be ‘clearly erroneous.’” (A.R.21.)
Singh filed a motion for reconsideration, claiming that the BIA erred in adopting the IJ’s decision and challenging for the first time the IJ’s adverse credibility determination. By order dated December 19, 2008, the BIA denied the motion, finding that Singh had failed to demonstrate any error by the BIA in its previous decision “based on the record that was then before the Board.” (A.R.2.) Singh then filed this petition for review. In its brief, the Government asserts that we lack jurisdiction over Singh’s challenge to the BIA’s July 28, 2008 order, and that the BIA did not abuse its discretion in denying Singh’s motion for reconsideration.
*801 II
As a threshold matter, we agree with the Government that we lack jurisdiction to review the BIA’s July 28, 2008 order because Singh did not file a timely petition for review of that order. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. INS, 514 U.S. 386, 398-99, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (timely motion to reopen or reconsider does not toll running of filing period for review of BIA’s underlying removal order). The petition for review was filed on January 15, 2009, within thirty days of the BIA’s December 19, 2008 order, but not within thirty days of the BIA’s July 28, 2008 order. Therefore, the petition is timely only with respect to the December 19, 2008 order denying reconsideration.[1]
III
A motion for reconsideration is a “request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.” In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (internal quotation and citations omitted). Such motions “shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority.” 8 C.F.R. § 1003.2(b)(1). We review the BIA’s denial of Singh’s motion for reconsideration under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004).
We hold that the BIA did not abuse its discretion in denying Singh’s motion for reconsideration. Before the BIA, Singh’s arguments in support of reconsideration were conclusory at best, and were for the most part identical to those previously made in his notice of appeal. Here, Singh’s petition for review does not even address the BIA’s decision to deny reconsideration, let alone demonstrate that the BIA erred in dismissing his appeal for failure to contest the IJ’s adverse credibility determination. In short, Singh offers nothing that would cause us to question the BIA’s December 19, 2008 order denying reconsideration.
Accordingly, we will deny the petition for review.

. We thus do not need to reach the Government’s jurisdictional argument concerning issue exhaustion as it relates to Singh's challenge of the IJ's adverse credibility determination.