**IMG-201** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2013
_____

KUI DONG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 099-024-576)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: May 19, 2010)
_____

OPINION
_____

PER CURIAM

Petitioner Kui Dong seeks review of the Board of Immigration Appeals' (BIA)

denial of his motion for reconsideration.  For the reasons that follow, we will deny the

petition for review.

I.

Dong is a native and citizen of China. In January 2006, he attempted to enter the United States without a valid entry document. He was immediately taken into custody and charged pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). Dong conceded removability and, in April 2006, filed an application seeking asylum, withholding of removal and protection under the Convention Against Torture ("CAT") alleging past persecution and claiming that he fears future persecution on account of China's family planning policy. In his application, Dong claimed that his wife was ordered to undergo an abortion and was later forcibly sterilized by family planning officials in China.

In October 2006, an Immigration Judge ("IJ") denied Dong's asylum application, finding that he failed to provide the court with reasonably available corroborating evidence to support his claims. In addition, the IJ found that there were several unexplained inconsistencies in Dong's testimony, which undermined his credibility. Dong appealed the decision and, on November 24, 2008, the BIA denied Dong's appeal. The BIA agreed with the IJ that Dong failed to provide reasonably obtainable corroborating evidence in support of his application for asylum.[1] The BIA further noted that Dong was not entitled to refugee status as the spouse of a person subjected to a forced abortion or sterilization procedure in light of the Attorney General's ruling in

_____

[1]The BIA did not discuss the IJ's adverse credibility finding in its opinion.

2

Matter of J-S-, 24 I & N Dec. 520 (A.G. 2008).[2]  Dong did not file a petition for review in this Court, but did file a motion to reconsider with the BIA in December 2008.  In a March 18, 2009 decision, the BIA denied Dong's motion for reconsideration, finding that Dong failed to demonstrate any errors of fact or law in its prior decision.  This petition for review followed.

II.

As a threshold matter, to the extent Dong also seeks review of the BIA's November 24, 2008 final order of removal, we agree with the Government that we lack jurisdiction to review it because Dong did not file a timely petition for review of that order.  See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. INS, 514 U.S. 386, 398-99 (1995) (timely motion to reopen or reconsider does not toll running of filing period for review of BIA's underlying removal order).  The petition for review was filed on April 9, 2009, within thirty days of the BIA's March 18, 2009 order, but not within thirty days of the BIA's November 24, 2008 order.  Therefore, the petition is timely only with respect to the March 18, 2009 order denying reconsideration.

---

[2]Subsequent to that decision, we ruled that 8 U.S.C. § 1101(a)(42) clearly and unambiguously limits refugee status to the individual who is actually subjected to a coercive family planning procedure.  See Lin-Zheng v. Att' Gen., 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc).

3

A motion for reconsideration is a "request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (internal quotation and citations omitted). Such motions "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). We review the BIA's denial of Dong's motion for reconsideration under a highly deferential abuse of discretion standard. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under that standard, we will reverse the BIA's decision only if it is arbitrary, irrational or contrary to law. See McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006).

In Dong's case, in denying the motion for reconsideration, the BIA cited 8 C.F.R. § 1003.2(b)(1) and concluded that his motion for reconsideration demonstrated no error of fact or law in its November 24, 2008 decision, and that Dong therefore failed to meet the regulatory requirements for reconsideration. Although Dong asserts in his brief that he raised discernable errors of law or fact in his motion, after reviewing the motion, we agree with the BIA that Dong failed to demonstrate any errors of fact or law in the BIA's prior decision warranting reconsideration.

In his motion for reconsideration, Dong argued that he was entitled to relief because both the IJ and BIA had "negative attitudes" toward him. (A.R. 67.) He further claimed that the IJ did not to take into account his wife's affidavit and abortion certificate

4

before reaching his decision that Dong failed to adequately corroborate his asylum claim. (Id. at 57-78.) Dong's claim that the IJ did not take into account his wife's affidavit and abortion certificate is not supported by the record. As the BIA noted, the record reflects that the IJ specifically considered these documents before rendering a decision. (Id. at 147-52.) Moreover, the BIA's prior decision on the merits shows that the Board also engaged in a thorough review of the record evidence before affirming the IJ's corroboration ruling. (Id. at 95-96.)[3]

Lastly, Dong argues that the BIA, in reviewing his motion for reconsideration, should have also "address[ed] the issue of whether the IJ below erred by refusing to give adequate consideration" to his wife's affidavit and abortion certificate which "standing alone" corroborate his asylum claim and "carry his burden of proof." (Pet. Br. at 13-14.) However, the BIA previously considered this argument and held that even if Dong had set forth evidence sufficient to corroborate his wife's alleged forced abortion, a claim for relief like Dong's, based on his wife's alleged persecution as a result of the family planning policy, was foreclosed by intervening precedent. (A.R. at 96.)

---

[3]We further conclude that Dong's claim in his motion for reconsideration, that the IJ had "negative attitudes" toward him, failed to identify an error of law or fact in the BIA's prior decision. Moreover, to the extent Dong wished to argue that the IJ acted inappropriately, he should have raised the issue in his merits appeal to the BIA. To the extent that Dong claims that the BIA also displayed "negative attitudes" toward him, he has set forth no evidence supporting the assertion and we find nothing in the record suggesting that the BIA acted improperly.

For the reasons given above, the BIA's decision was not arbitrary, irrational or contrary to law. Accordingly, we will deny the petition for review.