**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2634
_____

CECILIO GASPAR-HERNANDEZ,
                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-779-396)
Immigration Judge:  Honorable Philip Verrillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2014

Before: SMITH, GARTH and BARRY, Circuit Judges

(Opinion filed: July 23, 2014)
_____

OPINION
_____

PER CURIAM

Cecilio Gaspar-Hernandez petitions for review of the Board of Immigration Appeals'

("BIA") order denying his motion for reconsideration.  We will deny the petition.

1

I.

Gaspar-Hernandez is a citizen of Mexico who entered the United States illegally and who concedes that he is removable on that basis. Through counsel, he applied for asylum, cancellation of removal and relief under the Convention Against Torture. Gaspar-Hernandez initially claimed to fear persecution and torture by Mexican drug gangs, which he claimed would target him after returning from the United States because they would believe that he is wealthy. Before the Immigration Judge ("IJ"), however, he sought relief solely on the basis of the murders of three family members. In particular, he testified that his cousin's ex-boyfriend killed her and her son for reasons unknown to him and that, shortly thereafter, different unknown individuals killed his uncle because of his uncle's wealth. He also testified that other family members have received unspecified threats from unspecified individuals.

The IJ found Gaspar-Hernandez credible but denied relief. The IJ concluded that Gaspar-Hernandez had shown neither past persecution nor a well-founded fear of future persecution, primarily because he presented no evidence that anyone in particular would target him on account of a statutorily protected ground. The BIA essentially agreed and dismissed Gaspar-Hernandez's appeal. Gaspar-Hernandez did not petition for review and instead filed a motion for reconsideration. The BIA granted it in part but again dismissed his appeal. The BIA granted reconsideration for the limited purpose of expressly considering Gaspar-Hernandez's argument that his family constitutes a particular social group, but it again rejected his claims for lack of evidence that anyone would target him for that reason. Gaspar-

2

Hernandez petitions for review of the BIA's denial of reconsideration only.[1]

II.

Gaspar-Hernandez raises two issues on review. Both lack merit. First, he argues that the BIA abused its discretion in concluding that he did not meet his burden of proving that he has a well-founded fear of persecution on account of his membership in the social group consisting of his family. He argued in his motion for reconsideration that the murders of his family members constituted the past persecution of him, but the BIA rejected that argument and Gaspar-Hernandez has waived any challenge to that ruling by not contesting it or otherwise arguing past persecution on review. See Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012). Instead, Gaspar-Hernandez now argues only that his fear of future persecution is otherwise well-founded. See Espinosa-Cortez v. Att'y Gen., 607 F.3d 101, 107-08 (3d Cir. 2010).

In its underlying order, the BIA concluded that Gaspar-Hernandez did not demonstrate a well-founded fear of persecution because he had shown nothing more than generalized conditions of violence or civil unrest. Gaspar-Hernandez argued in his motion for reconsideration that his family members fell victim, not to generalized violence in Mexico, but

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of reconsideration for abuse of discretion and will not disturb it unless it is "arbitrary, irrational, or contrary to the law." Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) (quotation marks omitted). Although we lack jurisdiction to review the BIA's underlying order of removal directly because Gaspar-Hernandez did not petition for review of that order (timely or otherwise), we may engage in "some review of the [the BIA's] underlying decision" for the limited purpose of determining whether the BIA abused its discretion in refusing to reconsider that decision. Id. at 364 (quotation marks omitted). To the extent that we reach the BIA's underlying assessment of the record, we review it for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)).

to a specific plot to kill his entire family. He relied primarily on his testimony that his father told him that the people who killed his cousin "said they were going to kill the whole family because we were family." (A.R. at 9.)

The BIA rejected that argument and concluded that Gaspar-Hernandez had shown no nexus between the murders and threats at issue and membership in his family. In doing so, the BIA relied on Gaspar-Hernandez's own testimony that: (1) his cousin and her son were killed by her ex-boyfriend (and apparently others) for reasons that he does not know; (2) his father was threatened because he saw the murderers at the scene; and (3) his uncle, who lived three hours away, was killed in a separate incident by different individuals who Gaspar-Hernandez believes to have been motivated by his uncle's wealth. On review, Gaspar-Hernandez has not squarely acknowledged the BIA's reasoning or his testimony to this effect and instead essentially repeats to us the argument he raised to the BIA. He thus has given us no basis to conclude that the BIA abused its discretion, and it did not because its conclusions are properly grounded in the record. (A.R. 111-16, 119, 121, 127, 132-34.)

Second, Gaspar-Hernandez argues that the BIA abused its discretion in refusing to reconsider its ruling that the IJ did not abuse <u>his</u> discretion by declining to grant Gaspar-Hernandez a continuance to seek additional evidence. In his notice of appeal to the BIA, Gaspar-Hernandez argued that the IJ erred in refusing to grant a continuance because "he is still trying to find additional evidence to support his claims . . . and the IJ should have allowed more time to obtain the necessary documents." (A.R. 52.) The BIA rejected that argument on the ground that Gaspar-Hernandez had not shown prejudice. In his motion for reconsideration,

4

Gaspar-Hernandez again argued that "[h]e would have been able to supplement the evidence on the record if given more time to obtain documents," (A.R. 10), but he again did not specify how whatever evidence he hoped to obtain might have supported his claims.[2]

The BIA declined to reconsider its prior ruling but did not expressly address the issue of a continuance again. There was no reason for it to do so because Gaspar-Hernandez merely reiterated the same conclusory argument he had raised in his notice of appeal. The function of a motion for reconsideration is to "'request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked,'" not to reassert arguments that the BIA already has rejected. Castro, 671 F.3d at 364 (quoting In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002)).

Gaspar-Hernandez argues that the BIA failed to hold the IJ to his obligation to consider the facts and circumstances of the case before denying a continuance in violation of In re Hashmi, 24 I. & N. Dec. 785 (BIA 2009), but he did not raise that argument before the BIA in either his appeal or his motion for reconsideration. And even if he had, he has provided no reason to question the BIA's conclusion that he did not show prejudice from the denial of a continuance, let alone to conclude that the BIA abused its discretion in declining to reconsider that ruling. Gaspar-Hernandez argues that it was inconsistent for the BIA to reject his claims for lack of evidence while at the same time affirming the denial of a continuance and that he was necessarily prejudiced by that denial because he lost his case. We are not persuaded.

---

[2] Gaspar-Hernandez asserted that he hoped to obtain "additional evidence regarding the deaths of his family members, including death certificates, police reports if any, and any additional evidence such as affidavits or news reports" (A.R. 9), but he did not assert which particular documents he believes exist or make any representation about their contents.

Even on review, Gaspar-Hernandez still has not specified what evidence he might have obtained if granted a continuance or attempted to explain how it would have supported his claims.  See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

For these reasons, we will deny the petition for review.