

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-2-2008

# Tan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tan v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1276.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1276

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2984
_____

GUNAWAN TAN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96-204-295
(U.S. Immigration Judge:  Honorable Charles M. Honeyman)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2008

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

Filed: May 2, 2008
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Gunawan Tan petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his motion for reconsideration of his final order of removal.  For the reasons that

follow, we will deny the petition.

Petitioner, a Christian and native and citizen of Indonesia, entered the United States on June 11, 2000, as a B-2 non-immigrant visitor and was authorized to remain temporarily within the United States until December 10, 2000. On June 17, 2003, Petitioner was issued a Notice to Appear, which alleged that he was in the country without authorization. In response, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

In denying his claims on August 11, 2005, the Immigration Judge ("IJ") concluded that Petitioner's asylum application was untimely. The IJ further found that Petitioner had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. On March 16, 2007, BIA affirmed the IJ's decision. Thereafter, Petitioner filed a timely motion for reconsideration of the BIA's decision. The BIA denied Petitioner's motion for reconsideration on May 31, 2007.

Our review is limited to the BIA's decision denying Petitioner's motion for reconsideration. See Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (explaining that final deportation orders and orders denying motions to reconsider are independently reviewable and a timely petition for review must be filed with respect to the specific order sought to be reviewed); see also Stone v. INS, 514 U.S. 386, 405 (1995) (holding that a motion for reconsideration does not toll the time to file a petition for review of a final deportation order). We review the denial of a motion for reconsideration for an abuse of discretion. Nocon, 789 F.2d at 1033. Under the abuse of discretion standard, the BIA's

decision may be reversed only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

A motion for reconsideration is a "request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec 336, 338 (BIA 2002). Petitioner's motion before the BIA sought reconsideration of the BIA's March 16, 2007 order, arguing that the BIA improperly relied on Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), failing to distinguish it from In re O-Z- & I-Z-, 22 I. & N. Dec. 23 (BIA 1998). The BIA concluded that Petitioner failed to present any error in decision or argument that would support a different outcome. We agree. The March 16, 2007 order stated that the IJ properly analyzed Petitioner's application under Lie and sufficiently distinguished it from In re O-Z- & I-Z-. Petitioner's motion for reconsideration failed to present any legal argument, change of law, or aspect of the case which would require reconsideration of the BIA's March 16, 2007 order.

Furthermore, contrary to Petitioner's assertion, the BIA did not engage in improper fact finding. The BIA's May 31, 2007 order clarified its earlier statement regarding Petitioner's failure to report certain incidents to the police by explaining that its March 16, 2007 order referred only to the incidents, which occurred in 1998, that were the subject of Petitioner's testimony. Additionally, based upon our review of the record,

3

the BIA's characterization that Petitioner "did not suffer serious injury" was neither arbitrary, irrational, nor contrary to law.

For the foregoing reasons, we will deny Petitioner's petition for review.[1]

---

[1] We note that, in his brief, Petitioner argues that the BIA failed to adequately consider certain cases cited in his original appeal before the BIA and that the BIA should have granted his motion for reconsideration in light of our decision in <u>Sukwanputra v. Gonzales</u>, 434 F.3d 627 (3d Cir. 2006). Petitioner, however, failed to present either issue in his motion for reconsideration before the BIA. Accordingly, we will not consider the merits of either argument. <u>See</u> 8 U.S.C. § 1252(d)(1).