

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2008

# Valenzuela Barrera v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4529

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Valenzuela Barrera v. Atty Gen USA" (2008). *2008 Decisions.* Paper 704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4529

ELISEO VALENZUELA BARRERA
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-189-930)
Immigration Judge:  Honorable Mirlande Tadal

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2008

Before: BARRY, SMITH and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 6, 2008)

OPINION

PER CURIAM

Eliseo Valenzuela Barrera, a citizen of Guatemala, seeks review of a final order

issued by the Board of Immigration Appeals ("BIA").  For the reasons that follow, we

will deny the petition for review.

Petitioner entered the United States in 1993, without being admitted or paroled after inspection by an Immigration Officer. In 2005, Petitioner was served with a Notice to Appear, which charged that he was in the United States without authorization. Petitioner admitted the allegations and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After an evidentiary hearing, on July 21, 2005 the Immigration Judge ("IJ") issued its decision and order of removal to Guatemala, concluding that Petitioner had failed to meet his burden of proof regarding his claims. On February 14, 2007, the BIA affirmed the IJ's decision. On May 14, 2007, Petitioner filed a motion to reopen the BIA's decision based on new evidence. The BIA denied the motion on August 17, 2007, noting, inter alia, a number of authenticity questions about the evidence, the motion's lack of any supporting affidavit, and the evidence's lack of specific relevance to Petitioner's circumstances. On September 17, 2007, Petitioner filed a motion for reconsideration of the BIA's decision. The BIA denied the motion on October 23, 2007. On November 23, 2007, Petitioner filed with this Court his petition for review.

Although Petitioner urges otherwise, our review is limited to the BIA's October 23, 2007 decision denying Petitioner's motion for reconsideration. See Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (final deportation orders and orders denying motions to reconsider are independently reviewable; a timely petition for review must be filed with respect to the specific order sought to be reviewed); Stone v. INS, 514 U.S.

386, 405 (1995) (a motion for reconsideration does not toll the time to file a petition for review of a final deportation order). We review the denial of a motion for reconsideration for an abuse of discretion. Nocon, 789 F.2d at 1033. Under that standard of review, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

A motion for reconsideration must specify the errors of law or fact in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). It is a "request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec 336, 338 (BIA 2002) (en banc) (internal quotation and citations omitted). In this case, Petitioner filed his motion for reconsideration to seek additional time for authenticating the evidence submitted with his earlier-adjudicated motion to reopen. Petitioner also argued that the BIA erred by not granting the motion as unopposed. In denying the motion for reconsideration, the BIA cited section 1003.2(b)(1) and concluded that the motion specified no error of fact or law in the earlier decision warranting reconsideration of the August 17, 2007 decision, notwithstanding the government's lack of response to the motion to reopen. Upon review of the relevant documents in the administrative record, we agree with the BIA's conclusion. We add that Petitioner's argument that the BIA erred in denying the motion to reopen simply because it was unopposed has no merit, given the restrictive standards governing motions to reopen, as well as the discretionary

3

nature of such motions.  See Sevoian, 290 F.3d at 173.  In sum, we discern no abuse of the BIA's discretion in its October 23, 2007 order.

For the foregoing reasons, we will deny the petition for review.