

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2009

# Shierly v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4231

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Shierly v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1979.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1979

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-010                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4231
_____

FNU SHIERLY,
                                    Petitioner

vs.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-153-146)
Immigration Judge: Donald V. Ferlise

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 21, 2009
Before:  FUENTES, WEIS AND GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed   January 28, 2009)
_____

OPINION
_____

PER CURIAM.

Shierly,[1] a native and citizen of Indonesia, seeks review of a final order

---

[1] The petitioner goes by one name.

issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

In September 2000, Shierly was admitted to the United States on a nonimmigrant student visa to attend California State University, but she did not attend the university after October 11, 2000. She applied for asylum, withholding of removal, and relief under the Convention Against Torture, as well as voluntary departure. After an evidentiary hearing, in May 2003, the Immigration Judge issued its decision denying relief but granting voluntary departure. In July 2004, the BIA affirmed the IJ's decision. This Court denied Shierly's petition for review in August 2005.

In April 2007, Shierly filed a motion to reopen and remand to adjust her status. She based her motion on her recent marriage to a United States citizen.[2] The BIA denied the motion on May 18, 2007, holding that it was untimely under 8 C.F.R. § 1003.2(c), which requires such motions to be filed within ninety days of the entry of a final order of removal. The BIA further held that Shierly had failed to demonstrate exceptional circumstances sufficient to warrant the exercise of its discretion to consider her motion sua sponte under 8 C.F.R. § 1003.2(a). Shierly did not file a petition for review from this denial. Instead, on June 18, 2007, she filed a motion to reconsider the BIA's denial of her motion to reopen. On October 1, 2007, the BIA denied her motion

_____

[2] In April 2005, Shierly married Huse Begic, and their son was born that same month. Begic became a naturalized United States citizen in March 2006, and in October 2006, he filed an I-130 Petition for Alien Relative on Shierly's behalf.

2

for reconsideration. Shierly then filed this petition for review.

Although Shierly argues that the BIA abused its discretion when it denied her motion to reopen, our review is limited to the BIA's October 1, 2007 decision denying her motion for reconsideration. See Nocon v. I.N.S., 789 F.2d 1028, 1032-33 (3d Cir. 1986) (final deportation orders and orders denying motions to reconsider are independently reviewable; a timely petition for review must be filed with respect to the specific order sought to be reviewed). See also Stone v. INS, 514 U.S. 386, 405 (1995) (a motion for reconsideration does not toll the time to file a petition for review of a final deportation order). We review the denial of a motion for reconsideration for an abuse of discretion. Nocon, 789 F.2d at 1033. Under that standard of review, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).

A motion for reconsideration must specify the errors of law or fact in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). It is a "request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (internal quotation and citations omitted). In Shierly's case, in denying the motion for reconsideration, the BIA cited section 1003.2(b) and concluded that the motion specified no error of fact or law in the May 18, 2007 decision, and that Shierly therefore failed to meet the regulatory requirements for reconsideration.

3

Upon review of the relevant documents in the administrative record, we agree with the BIA's conclusion.

Moreover, we add that it appears that the BIA did consider Shierly's arguments and noted that Shierly's motion to reopen did not comport with the requirements for motions to reopen to pursue adjustment of status, in light of the untimeliness of the motion to reopen and Shierly's failure to comply with the grant of voluntary departure. See Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002); Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996). We have considered Shierly's arguments relying on Barrios v. Attorney General, 399 F.3d 272 (3d Cir. 2005), and Kanivets v. Gonzales, 424 F.3d 330 (3d Cir. 2005), and similarly conclude that they are without merit, given the untimeliness of her motion to reopen and the voluntary departure period having lapsed before the untimely motion was filed. Also, the BIA cited its decision in Matter of J-J-, 21 I. & N. Dec. 976 (BIA 1997), and noted that Shierly's later eligibility for adjustment of status did not constitute exceptional circumstances sufficient to warrant sua sponte reopening of her case. On this point, even if we had jurisdiction to review the BIA's denial of Shierly's motion to reopen, we note that this Court would generally lack jurisdiction to review the BIA's decision not to exercise its power to reopen Shierly's proceedings sua sponte. See Cruz v. Attorney General, 452 F.3d 240, 249 (3d Cir. 2006) (citing Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003)).

We discern no abuse of the BIA's discretion in its October 1, 2007 order.

We will deny the petition for review.