

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Zheng v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1532.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1532

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1605

RONG QUAN ZHENG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,
                                        Respondents

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A70-578-452)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006
Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed:  February 28, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

        Petitioner Rong Quan Zheng, a native and citizen of the People's Republic of

China, seeks review of a final removal order of the Board of Immigration Appeals, which

affirms the decision of the Immigration Judge to deny Zheng's application for asylum,

withholding of removal, and protection under the Convention Against Torture. We have jurisdiction to review the Board's order under 8 U.S.C. § 1252. We will affirm.

## I.

Because we write for the parties, an abbreviated recitation of the facts will suffice. In his initial application for asylum, Zheng alleged he was married in 1987. He and his wife had their first child in 1988, and their second child in 1990. In 1991, officials attempted to force Zheng's wife to undergo sterilization, but ultimately inserted an IUD instead. Notwithstanding the IUD, Zheng's wife became pregnant a third time. Officials took her to a hospital and forced her to abort the pregnancy. Officials then forced Zheng to undergo sterilization.

Zheng left China in December 1991 and entered the United States on August 28, 1992. On March 22, 1993, Zheng applied for asylum and withholding of removal. On April 18, 1997, the Immigration and Naturalization Service[1] served Zheng with a Notice to Appear, charging that he was subject to removal for entering the United States without valid entry documents. On March 10, 1999, and June 27, 2003, Zheng submitted amendments to his asylum application, in which he recited different facts than those

---

[1]The INS has since been abolished, and its asylum functions are now performed by the Bureau of Citizenship and Immigration Services. *See Knapik v. Ashcroft*, 384 F.3d 84, 86 n.2 (3d Cir. 2004) (citing Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002)).

contained in his original application.[2]  At an evidentiary hearing on November 24, 2003,

Zheng admitted he entered the United States without valid documentation, conceded

removability, and offered yet another version of events.[3]

The IJ found Zheng's testimony was not credible, and issued an oral decision

denying Zheng's application for asylum, withholding of removal, and relief under the

Convention Against Torture.  Zheng appealed to the Board, which affirmed the IJ's

decision without opinion on February 2, 2005.  On February 25, 2005, Zheng filed this

petition for review.

## II.

Where the Board affirms the IJ's decision without opinion, we review the order of

the IJ.  *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).  We review an adverse

credibility finding under the substantial evidence standard, meaning we will uphold the

IJ's findings "to the extent that they are 'supported by reasonable, substantial, and

---

[2]In addition to other discrepancies with Zheng's initial application, both amendments
state the IUD was implanted in Zheng's wife after their first child was born.  Also, the
1999 amendment alleges officials detained Zheng for a week after the birth of their
second child, and informed him he had to pay a quarterly fine of 400 RMB.  The 2003
amendment does not mention detainment, but states that officials visited Zheng's home
and pressured him to admit he had made a mistake.  Neither amendment mentioned a
third pregnancy or forced abortion, as mentioned in the initial application.

[3]In addition to other discrepancies with previous versions of events, Zheng's testimony
alleged his children were left alone when officials forcibly brought him to a hospital for
sterilization.  Zheng also alleged that after being sterilized, officials visited him every day
for a week, pressuring him to sign a document expressing repentance for having two
children.  They informed him he would have to pay a quarterly fine of 400 RMB.

probative evidence on the record considered as a whole.'" *Balasubramanrim v. INS*, 143 F.3d 157, 161 (3d Cir. 1998) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478 (1992)). We are "required to sustain an adverse credibility determination 'unless . . . no reasonable person' would have found the applicant incredible." *He Chun Chen v. Ashcroft,* 376 F.3d 215, 223 (3d Cir. 2004).

### III.

To establish eligibility for asylum, an alien must demonstrate that he or she meets the statutory definition of "refugee." 8 U.S.C. § 1158(b)(1). A refugee is an alien who cannot return to his or her country of origin "because of persecution or a well–founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." § 1101(a)(42). A person who has been forced to undergo involuntary sterilization "shall be deemed to have been persecuted on account of political opinion," and a person who has a well founded fear that he or she will be forced to undergo involuntary sterilization "shall be deemed to have a well–founded fear of persecution on account of political opinion." *Id.* An asylum applicant bears the burden of supporting his or her claim through credible testimony. *Gao*, 299 F.3d at 272.

To establish eligibility for withholding of removal, an applicant must demonstrate by a "clear probability" that his or her life or freedom would be threatened in the proposed country of deportation. 8 U.S.C. § 1231(b)(3)(A). Similarly, an applicant for protection under the Convention Against Torture must demonstrate "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."

4

8 C.F.R. § 208.16(c)(2)(2006). "Torture" is defined as the governmental imposition of "severe pain and suffering" for purposes such as intimidation, obtaining information, punishment, or discrimination. 8 C.F.R. § 1208.18(a)(1)(2006). Like an applicant for asylum, applicants for withholding of removal and protection under the Convention Against Torture have the burden of supporting their applications through credible testimony. *See Dia v. Ashcroft*, 353 F.3d 228, 233–34, 247 (3d Cir. 2003); *Mulanga v. Ashcroft*, 349 F.3d 123, 133 (3d Cir. 2003).

Here, the IJ denied Zheng's application because he found Zheng lacked credibility. He cited Zheng's failure to recall detail, and the numerous discrepancies between Zheng's testimony, initial application for asylum, and subsequent amendments. He noted Zheng offered no explanation for these discrepancies. The IJ also questioned the authenticity of certain documents allegedly establishing Zheng's identity and supporting his application.

The IJ's adverse credibility finding is supported by the record. The discrepancies in Zheng's initial application, amendments, and testimony "go to the heart" of his claims of past persecution, and his fears of future persecution. *See Gao*, 299 F.3d at 272. Zheng stated in his initial application that Chinese officials forcibly inserted an IUD in his wife after the birth of their second child. In his amendments and testimony, he asserted the IUD had been inserted after the birth of their first child. Zheng's original application did not refer to actions by Chinese officials after his sterilization, but his 1999 amendment stated he was detained for a week. His 2003 amendment and his testimony did not mention detainment, but included varying stories of visits by officials. In addition, the

5

record demonstrates legitimate questions regarding the authenticity of Zheng's supporting documents, and medical evidence contradicts Zheng's claim of sterilization by showing a normal sperm count.

We conclude Zheng has not provided sufficient support for his claims so as to "compel" a favorable credibility finding. *See Elias-Zacarias*, 502 U.S. at 481 n.1 ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . ."). Accordingly, Zheng has not met his burden of establishing eligibility for asylum, withholding of removal, or protection under the Convention Against Torture through credible testimony.

## IV.

For the foregoing reasons, we will affirm the order of the Board.