**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3702

_____

XIU BIN ZHU;
JING ZHAO LIANG,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency Nos. A75-995-757 and A75-995-758)

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2010

_____

Before: BARRY, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion Filed: March 29, 2010)

_____

OPINION

_____

BARRY, Circuit Judge

Xiu Bin Zhu and her husband Jing Zhao Liang seek review of a decision rendered

by the Board of Immigration Appeals ("BIA") denying their motion to reopen.  We will

deny the petition.

## I. Background

Zhu and Liang (collectively, "Petitioners") are citizens of the People's Republic of China. They entered the United States as undocumented aliens in the mid-1990s and were charged as removable in February 2000 for entering without inspection. They conceded removability and applied for withholding of removal, asylum, and relief under the Convention Against Torture ("CAT"), claiming past persecution and fear of future persecution based on China's family planning policies, and based on Petitioners' practice of Falun Gong.[1]

Before the Immigration Judge ("IJ"), Zhu claimed that she fled China after escaping from a hospital where authorities forcibly aborted her third pregnancy and told her that she would be sterilized. The IJ found her testimony to be "all over the place" and bearing only a vague resemblance to her written application, with which it was inconsistent in important ways. The IJ made an adverse credibility determination and denied Petitioners' application. The BIA affirmed in December 2002.

---

[1] Falun Gong is a:

> spiritual movement . . . [popular] because of its purported health benefits
> . . . . Since January 2002, the mere belief in Falun Gong, even without any
> public manifestation of its tenets, has been sufficient grounds for
> practitioners to receive punishments ranging from loss of employment to
> imprisonment.

*Lin v. Att'y Gen. of U.S.*, 543 F.3d 114, 117 n.3 (3d Cir. 2008).

In March 2008—more than five years after the BIA had last considered their case—Petitioners filed a motion to reopen and for a stay of removal. The BIA denied the motion as untimely and rejected Petitioners' argument that their tardiness should be excused because of changed country conditions.

In support of their motion, Petitioners presented what they claimed was an official government notice ("Notice"). The Notice, purportedly issued by the Village Committee of Longtai in China, demands that Petitioners return to China to face sterilization and punishment for having had three children and practicing Falun Gong. Petitioners also submitted affidavits from Zhu and her mother-in-law—Mei Ying Chen, who lives in China—describing their belief that Zhu will face sterilization and Petitioners together will face punishment if they return to China. Finally, Petitioners submitted the State Department's May 2007 Country Reports on China.

In September 2008, Petitioners filed this petition for review of the BIA's decision denying the motion to reopen, together with a motion for a stay of removal. We previously denied the stay of removal.

## II. Analysis

We have jurisdiction to review the decision of the BIA under 8 U.S.C. § 1252. In order to succeed in their untimely motion to reopen, Petitioners must show that country conditions in China have changed since their case was closed in 2002. 8 C.F.R. § 1003.2(c)(3)(ii). An application to reopen can be denied if a petitioner does not make out

a prima face case for relief. *Zheng v. Att'y Gen. of U.S.*, 549 F.3d 260, 265 (3d Cir. 2008). We review the denial of a motion to reopen for an abuse of discretion, *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004), and will reject the BIA's factual findings only if a "reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

Petitioners argue that the Notice and Chen's affidavit prove that conditions have changed in China, at least in Petitioners' village. In light of the fact that the Notice was not authenticated and that the IJ had made an adverse credibility determination as to Zhu which the BIA had affirmed, the BIA was not unreasonable in expecting Zhu to authenticate the Notice and did not abuse its discretion in refusing to consider it in its unauthenticated form.[2] *See Zheng v. Gonzales*, 500 F.3d 143 (2d Cir. 2007). Chen's affidavit adds nothing but her unsupported opinion. The BIA correctly concluded that the evidence did not demonstrate that country conditions or circumstances have worsened in China with respect to Petitioners' "current family planning claim." Moreover, the BIA correctly noted that the birth of Zhu's third child in the United States, and Petitioners' adoption of Falun Gong, both reflect a change in their personal circumstances, not a change in country conditions for purposes of § 1003.2(c)(3)(ii). *See Liu v. Att'y Gen. of*

---

[2] While we have held that failure to authenticate under 8 C.F.R. § 287.6 does not warrant per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner, *Liu v. Ashcroft*, 372 F.3d 529, 533 (3d Cir. 2004), the Notice was not authenticated in any manner.

*U.S.*, 555 F.3d 145, 150-51 (3d Cir. 2009).

Petitioners also argue that the BIA improperly made findings of fact and that it should have remanded the matter to the IJ for fact-findings. This argument is unavailing because we have long recognized that a motion to reopen may require the BIA to make findings of fact. *See Sevoian v. Ashcroft*, 290 F.3d 166, 170 (3d Cir. 2002).

The BIA did not abuse its discretion in denying Petitioners' untimely motion to reopen.

## IV. Conclusion

We will deny the petition for review.