**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1330
_____

JI XIAN ZHENG,
                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-687-375)
Immigration Judge:  Honorable Albert J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 15, 2010
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: December 15, 2010)
_____

OPINION
_____

PER CURIAM.

        Petitioner Ji Xian Zheng seeks review of the Board of Immigration

Appeals' (BIA) denial of her motion to reopen and motion for reconsideration.  For the

reasons that follow, we will deny the petition for review.

        Zheng, a native and citizen of China, arrived in the United States in

September 2004.  The following month, she was served with a Notice to Appear, charging her with removability under INA § 212(a)(7)(A)(i)(I).  Zheng conceded removability before the Immigration Judge ("IJ") and applied for asylum, withholding of removal, and CAT relief based on her opposition to China's coercive family planning policy.  During her removal proceedings, Zheng testified that she told immigration officials upon her arrival in the United States that she practiced Falun Gong because her smuggler told her that she would be immediately returned to China if she did not.  She claimed that she took up Falun Gong later in the United States while working in a restaurant.

In March 2007, the IJ issued an opinion denying Zheng's application for asylum and related relief, finding her claim of persecution under China's planning policy speculative because she was not married, engaged, and did not have any children.  He also found her claimed Falun Gong practice to be unsupported by credible testimony or reasonably available corroborative evidence.  Zheng timely appealed the IJ's decision to the BIA and, in a July 2008 decision, the BIA affirmed.  Zheng did not petition for review of the BIA's final order of removal.

In November 2008, Zheng filed a motion for reconsideration and a motion to reopen with the BIA, offering additional evidence of her practice of Falun Gong.  In a January 2010 decision, the BIA denied both motions, noting that they were untimely filed and that no exceptions to the time-bar were applicable.  Zheng filed a timely petition for review.

2

We have jurisdiction under 8 U.S.C. § 1252(a) to review the denial of Zheng's motion to reopen and motion for reconsideration. However, we agree with the Government that we lack jurisdiction to review Zheng's final order of removal because she did not file a timely petition for review of that order. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. INS, 514 U.S. 386, 395 (1995) (timely motion to reopen or reconsider does not toll running of filing period for review of BIA's underlying removal order).

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. See Borges v. Gonzales, 402 F. 3d 398, 404 (3d Cir. 2005). The BIA's decision is entitled to "broad deference," see Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003), and it "will not be disturbed unless [it] is found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." See 8 C.F.R. § 1003.2(c)(2). A motion for reconsideration must be filed within 30 days of that decision. See 8 C.F.R. § 1003.2(b)(2). Zheng's motion to reopen was filed on November 10, 2008, well more than 90 days after the BIA issued its final removal order on July 16, 2008. However, the 90-day time limit does not apply if the motion to reopen is based on "changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." See INA § 240(c)(7)(C)(ii).

3

A motion for reconsideration is a "request that the Board re-examine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (internal quotation and citations omitted). Such motions "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).

Zheng does not dispute that her motions were untimely. Instead, she argues that the BIA: 1) failed to consider significant record evidence supporting her claim of changed conditions in China; 2) improperly determined that she only demonstrated a change in personal circumstances; and 3) improperly concluded that she failed to satisfy the "evidentiary requirement" for reopening. (See Petitioner's Brief ("Pet Br.") at 15-20.)

As an initial matter, contrary to Zheng's assertion, the BIA observed all of the evidence that she presented in support of her motion to reopen. The BIA noted specifically that the only two background materials that she presented with her motion discussing Falun Gong were the same as those she submitted in support of her earlier asylum application. Zheng does not dispute the BIA's finding.

Also, contrary to Zheng's assertion, the BIA did not conclude that she "only made a showing of changes in personal circumstances." Id. at 16. Indeed, the BIA made no reference to Zheng's personal circumstances in its decision. However, the BIA did conclude that Zheng failed to establish changed country conditions in China such that

4

a Falun Gong practitioner would more likely be persecuted for her activities in November 2008, when she moved to reopen her case, than in March 2007, the date of her removal hearing.

Supporting her motion to reopen, Zheng presented an affidavit detailing her continued practice of Falun Gong in the United States as well as her recent involvement in protests in New York seeking fair treatment for practitioners of Falun Gong in China. She also included a letter from her mother, who lives in China, explaining that, in August 2008, officials came to her home and told her that they were aware that Zheng had been practicing Falun Gong in the United States and that she must stop doing so. Zheng's mother also alleged that these officials told her that Zheng must report to them upon her return to China.

The BIA determined that the evidence was insufficient to warrant reopening Zheng's case. It further concluded that Zheng had not demonstrated any error of fact or law in its previous decision warranting reconsideration.

The BIA did not abuse its discretion in denying Zheng's motion to reopen.[1] As the BIA noted, Zheng did not present any previously unavailable articles or

---

[1] Zheng does not dispute the BIA's conclusion that she failed to identify any error of fact or law in its prior decision warranting reconsideration. She has therefore waived review of that finding. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

5

documentation supporting her claim of changed conditions in China regarding the treatment of Falun Gong practitioners since she was ordered removed. She did not submit any communication from the Chinese government instructing her to surrender to officials upon her return to China as a result of her continued practice of Falun Gong. And, although Zheng presented an affidavit from her mother saying as much, it is unclear how officials became aware that Zheng began practicing Falun Gong after she left China.[2]

Accordingly, we will deny the petition for review.

---

[2] Zheng claims that photographs were taken during one of the protests in which she participated, but her mother's letter does not indicate that Chinese officials identified Zheng on that basis.

6