**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4575
_____

RONG QUAN ZHENG,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-578-452)
Immigration Judge:  Honorable William K. Strasser

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 26, 2012
Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: October 18, 2012 )
_____

OPINION
_____

PER CURIAM

    Rong Quan Zheng petitions for review of the Board of Immigration Appeals'

("BIA") order denying his motion to reopen his proceeding.  We will deny the petition.

I.

    Zheng is a citizen of China who entered the United States without valid

documents in 1992. He conceded removability for that reason but sought asylum and other relief on the ground that the Chinese government forcibly sterilized him because he fathered a third child in violation of China's family planning policy. The Immigration Judge ("IJ") denied his applications and ordered his removal to China in 2003. In particular, the IJ found Zheng not credible and raised questions regarding the authenticity of his supporting documents. The BIA dismissed Zheng's appeal, and we denied his petition for review. See Rong Quan Zheng v. Att'y Gen., 169 F. App'x 111 (3d Cir. 2006). In doing so, we found no basis to disturb the IJ's adverse credibility determination and agreed that "the record demonstrates legitimate questions regarding the authenticity of Zheng's supporting documents[.]" Id. at 113. We also agreed that Zheng's claim of sterilization was contradicted by medical evidence "showing a normal sperm count." Id.

In 2011, Zheng filed a motion to reopen with the BIA, which is the motion at issue here. Zheng claimed, in relevant part, that he began practicing Falun Gong in 2010 while in the United States and that conditions for Falun Gong practitioners in China have deteriorated since his last hearing. He also claimed that someone from his hometown witnessed him practicing Falun Gong in the United States and so informed the Chinese government, which intends to punish him if he is retuned. To support that claim, he submitted what purports to be a Changle City Village Committee notice to his mother in China. (A.R. 120.) The notice orders Zheng's mother to urge him to cease his Falun Gong activities and return to China to "accept the stern sanction of the government." It further states that, if Zheng fails to do so, he will be arrested in the future and subjected to

2

"severe punishment." In addition to this notice, Zheng submitted what purports to be a statement from his mother (he refers to it as an affidavit, but it is not sworn) describing a visit by Chinese officials to deliver this notice. (A.R. 126-30.) Zheng argued that both the deteriorating conditions in China and the Chinese government's awareness of his activities in the United States constitute changed country conditions permitting the filing of his motion to reopen, which would otherwise be untimely because he had not filed it within 90 days of his order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).[1]

The BIA rejected Zheng's reliance on changed country conditions and denied his motion to reopen as untimely. In addressing that issue, it first explained that it would not give "much weight" to the village notice and Zheng's mother's statement because the IJ previously questioned the veracity of documents that Zheng submitted in support of his prior claim. The BIA acknowledged Zheng's argument that it is difficult to obtain authentication of foreign documents, but it noted that Zheng had offered no other evidence of their reliability and it declined "to overlook this deficiency where there has been a prior adverse credibility determination." The BIA also concluded that Zheng did not show changed country conditions because "[t]he limited country information proffered with the instant motion does not reflect changed conditions in China for Falun Gong supporters that materially affect [Zheng's] eligibility for relief." Zheng petitions

---

[1] Zheng also claimed that the Chinese government will discover that his sterilization was not successful and will forcibly sterilize him "again." In addition, he raised numerous arguments addressed to the IJ's previous adverse credibility determination as well as allegations concerning his prior counsel's performance. The BIA addressed those arguments but, because Zheng has limited his arguments on review to his Falun Gong claim, we address only that claim.

3

for review.[2]

## II.

Zheng raises three issues on review, but each lacks merit. First, Zheng argues that his evidence of country conditions in China shows that the situation for Falun Gong practitioners has deteriorated since the time of his hearing in 2003. Zheng relies for this point on (1) the 2007 Profile of Asylum Claims and Country Conditions for China (A.R. 132-92), and (2) three newspaper articles relating to assaults on Falun Gong practitioners by Chinese immigrants in Flushing, New York (A.R. 194-206). Zheng challenges both the BIA's discussion of this evidence and the substance of its conclusion that this evidence does not show changed country conditions.

We agree with Zheng that the BIA's treatment of this evidence was rather cursory because the BIA neither identified nor expressly discussed it. The BIA need not discuss all of a petitioner's specific evidence, however, and generally need only "demonstrate that it has considered such evidence" in a manner that allows us to "discern its reasons for declining to afford relief." Jian Zhau Zheng, 549 F.3d at 268 (quoting Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Although cursory, the BIA's discussion was sufficient given the record presented here.

_____

[2] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the denial of reopening for abuse of discretion. See Jian Zhau Zheng v. Att'y Gen., 549 F.3d 260, 264-65 (3d Cir. 2008) (citing Jian Lian Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)). We will not disturb the BIA's ruling unless it is "arbitrary, irrational, or contrary to law." Id. at 265 (quotation marks omitted) (citing Jian Lian Guo, 386 F.3d at 562). We review the BIA's underlying assessment of the record for substantial evidence and may not disturb it unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Ying Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009) (INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); quoting 8 U.S.C. § 1252(b)(4)(B)).

Zheng argues that his evidence shows that persecution of Falun Gong practitioners has intensified since 2003. In fact, however, the 2007 Profile describes a nationwide crackdown against Falun Gong that began in 1999 (A.R. 142), and states only that this campaign "continued" in 2004 and 2005 (A.R. 141), not that it has worsened in any way. And Zheng's articles regarding attacks on Falun Gong practitioners in the United States say nothing about conditions in China. (A.R. 197-206.) Under these circumstances, the BIA did not abuse its discretion by failing to explicitly discuss this evidence. Cf. Jian Zhau Zheng, 549 F.3d at 286 (explaining that the BIA has a duty to "explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim") (emphasis added) (quoting Shou Yung Guo v. Gonzales, 463 F.3d 109, 115 (2d Cir. 2006); citing Tu Kai Yang v. Gonzales, 427 F.3d 1117, 1122 (8th Cir. 2005)). Nor does this evidence compel the conclusion that conditions in China have changed.

Zheng's second and third arguments are related. Zheng argues that the BIA erred in denying reopening on the ground that his practice of Falun Gong constitutes a changed personal circumstance, rather than a changed country condition, because the Chinese government's awareness of his Falun Gong activities constitutes a change of "conditions" in China. He also argues that the BIA erred in rejecting the documents he submitted in support of this claim—i.e., the village committee notice and the statement from his mother. Zheng argues that the BIA abused its discretion by rejecting this evidence on the ground that it was not authenticated and on the basis of the IJ's prior adverse credibility determination.

We reject these arguments. Contrary to Zheng's assertion, the BIA did not deny

5

reopening because it deemed his practice of Falun Gong a change in personal circumstances and did not mention the issue of changed personal circumstances at all.[3] Also contrary to Zheng's assertion, the BIA did not reject these documents solely for lack of authentication. Instead, it explained that it gave them little weight because the IJ questioned the veracity of the documents that Zheng submitted in support of his previous claim, questioning that we agreed was "legitimate." Rong Quan Zheng, 169 F. App'x at 113. Zheng does not address that issue in his brief. The BIA went on to "acknowledge [Zheng's] arguments regarding the difficulty of obtaining authentication of government documents," but it explained that "no evidence of the reliability of the documents has been offered." Zheng characterizes this reasoning as arbitrary or irrational, but we cannot say that it is. Zheng does not argue that he in fact submitted any objective evidence bolstering the reliability of his mother's statement or the village notice and the record discloses none. Under the circumstances, we cannot fault the BIA for requiring something more.

Nor did the BIA err in relying on the IJ's prior adverse credibility determination, which it did as its reason for declining to overlook the deficiency just discussed. Zheng

---

[3] We note with concern that this is at least the second case in which Zheng's counsel has argued that the BIA erred in denying a claim on the ground that it was based merely on personal circumstances even though "the BIA made no reference to [petitioner's] personal circumstances in its decision." Ji Xian Zheng v. Att'y Gen., 404 F. App'x 698, 700 (3d Cir. 2010) (not precedential). It may well have been permissible for the BIA to deny reopening for this reason, see Khan v. Att'y Gen., 691 F.3d 488, 497-98 (3d Cir. 2012), as we have concluded in other cases in which Zheng's counsel filed motions to reopen on the basis of evidence and allegations strikingly similar to those presented here, see, e.g., Xiu Bin Zhu v. Att'y Gen., 372 F. App'x 306, 308-09 (3d Cir. 2010) (not precedential). Because the BIA did not do so in this case, however, we need not address that issue.

argues that the BIA did so in violation of Jian Lian Guo, but we reject that argument.  In the first place, Zheng himself raised the issue of his prior adverse credibility determination in his motion to reopen.  Although Zheng asked the BIA not to hold the adverse credibility determination against him as to his new Falun Gong claim, he did not rely on Jian Lian Guo or argue as he does now that the BIA was not permitted to do so.  (A.R. 56-57.)  To the contrary, he explained that he had included numerous arguments addressed to the IJ's previous adverse credibility determination, not by way of seeking reconsideration of that issue, but because the prior credibility determination "would directly affect the credibility of [his] affidavit submitted for this motion and other relevant corroborating evidence."  (A.R. 46 ¶ 8.)  We deem Zheng's arguments before the BIA sufficient for exhaustion purposes, but we decline to hold that the BIA abused its discretion in relying on what Zheng expressly stated was a relevant consideration.

Moreover, Jian Lian Guo is distinguishable.  In that case, the BIA denied reopening to assert a family-planning claim on the basis of the IJ's adverse credibility determination in connection with a previous religious persecution claim.  We held that the BIA erred in relying on the adverse credibility determination because "the basis for the IJ's credibility assessment was utterly unrelated to [petitioner's] later claim."  Jian Lian Guo, 386 F.3d at 562.  We cannot say the same here because, as the BIA explained, Zheng's current and former claims are "somewhat entwined."

Zheng previously claimed that he had been sterilized for violating China's family planning policy, and the IJ found his testimony not credible.  Both the letter from Zheng's mother and the village committee notice on which Zheng bases his Falun Gong

7

claim recite those same underlying allegations. (A.R. 120, 127, 129.) Moreover, both documents suggest that Zheng's prior alleged violation of the family planning policy is part of the reason that the Chinese government would target him for punishment for practicing Falun Gong. (A.R. 120, 129.) In addition, Zheng alleges in his motion to reopen, his supporting affidavit and his successive asylum application that it was in part his forced sterilization and fear of additional persecution for violating the family planning policy that led him to begin practicing Falun Gong in the first place. (A.R. 40 ¶ 1, 68 ¶ 22, 94.) Under these circumstances, we cannot say that the BIA abused its discretion in relying on the IJ's prior adverse credibility determination, together with the questionable nature of Zheng's previous documents, as reasons for requiring some proof that his documents were reliable. Cf. Khan, 691 F.3d at 497 (holding that the BIA appropriately considered prior adverse credibility determination in denying reopening where there was a sufficient nexus between that determination and the BIA's holding).[4]

For these reasons, we will deny the petition for review.

---

[4] We note that our ruling in this regard does not conflict with our non-precedential decision in Yong Gui Wang v. Att'y Gen., 385 F. App'x. 187, 189-90 (3d Cir. 2010). In that case, we held that the BIA had indeed erred under Jian Lian Guo by relying on a prior adverse credibility determination to reject documents later submitted in support of a motion to reopen (though we ultimately denied the petition for review on other grounds). The motion to reopen in that case, however, asserted claims that were wholly unrelated to the petitioner's prior claim, see id. at 188, 190, and there was no discussion in that case of the petitioner having a history of submitting questionable documents.