**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1795
_____

KALU ORJI KALU,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A096-637-463)
Immigration Judge:  Honorable Kuyomars Q. Golparvar

_____

Submitted on Respondent's Motion to Dismiss and for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
June 15, 2017
Before:  AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: August 4, 2017)
_____

OPINION*
_____

PER CURIAM

    Kalu Orji Kalu petitions for review of his final order of removal.  The Government

has filed a motion to dismiss and summarily deny his petition.  We will grant that motion

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and will dismiss Kalu's petition in part and deny it in part.

I.

Kalu is a citizen of Nigeria who became a lawful permanent resident in 2007 on the basis of his marriage to a United States citizen. In 2010, he pleaded guilty in federal court to committing and conspiring to commit health care fraud in violation of 18 U.S.C. §§ 371 and 1347. The charges arose from Kalu's operation of a business that submitted fraudulent invoices to Medicare. The District Court sentenced him to an aggregate of 90 months in prison and ordered him to pay restitution of over $4.6 million.

Shortly thereafter, the Government charged Kalu with removability for having been convicted of (1) a crime involving moral turpitude within five years of admission, see 8 U.S.C. § 1227(a)(2)(A)(i), and (2) an aggravated felony involving fraud and deceit and loss to the victims of over $10,000, as well as a related conspiracy, see 8 U.S.C. §§ 1101(a)(43)(M)(i), 1101(a)(43)(U), 1227(a)(2)(A)(iii). An Immigration Judge ("IJ") found Kalu removable as charged and, in 2011, the Board of Immigration Appeals ("BIA") dismissed his appeal. Kalu did not petition for review.

In ordering Kalu's removal, the Agency concluded that his conviction of an aggravated felony rendered him ineligible for a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act, which is codified at 8 U.S.C. § 1182(h). A § 212(h) waiver would have allowed Kalu to seek relief from removability by adjusting his status on the basis of another I-130 visa application filed by his wife. In 2013, Kalu filed a motion to reopen with the BIA arguing that, under Hanif v. Attorney General, 694 F.3d 479 (3d Cir. 2012), he had become eligible for a § 212(h) waiver despite his

2

conviction of an aggravated felony because he was not initially admitted as a lawful permanent resident. The BIA agreed and remanded for the IJ to consider § 212(h) relief.[1]

After some developments not relevant here, the IJ received evidence from the parties and held a hearing. The IJ found Kalu and his witnesses credible but denied relief. The IJ concluded that Kalu established the requisite hardship to his United States citizen wife and children and was eligible for a waiver. The IJ also concluded, however, that a waiver was not warranted in the exercise of his discretion after balancing the relevant factors under Mendez-Moralez. The IJ acknowledged that the equitable factors in Kalu's favor were significant, but he ultimately concluded that they were outweighed by the seriousness and specific circumstances of Kalu's crimes. Thus, the IJ denied a waiver of inadmissibility and again ordered Kalu's removal to Nigeria.

Kalu appealed to the BIA and filed a motion to remand for consideration of new evidence. The BIA dismissed his appeal after independently balancing the equities and concluding, like the IJ, that Kalu did not warrant discretionary relief. The BIA also declined to remand because it accepted as true what Kalu argued his new evidence would have shown and concluded that it would not change the result.

---

[1] As relevant here, § 212(h) permits the Attorney General to waive certain grounds of inadmissibility (including conviction of a crime of moral turpitude) if the alien's removal would result in "extreme hardship" to an alien's qualifying relative. 8 U.S.C. § 1182(h)(1)(B). If an alien shows the requisite hardship, then the Attorney General determines whether a waiver is warranted in the exercise of discretion by weighing the positive and negative equitable factors under the standards set forth in In re Mendez-Moralez, 21 I. & N. Dec. 296, 301-02 (BIA 1996) (en banc). If the Attorney General grants a waiver, then the alien can seek relief from removability by seeking to adjust status under 8 U.S.C. § 1255(a).

Kalu petitions for review. The Government has filed a motion to dismiss his petition in part and summarily deny it in part. The administrative record has been filed, and Kalu has had ample opportunity to present his arguments on the merits.

II.

We will grant the Government's motion. Although we have jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a), we lack jurisdiction to review the discretionary denial of a § 212(h) waiver, see 8 U.S.C. § 1252(a)(2)(B)(i), and we otherwise lack jurisdiction in light of Kalu's criminal convictions, see § 1252(a)(2)(C), except to the extent that he raises a colorable constitutional claim or question of law, see § 1252(a)(2)(D); Pareja v. Att'y Gen., 615 F.3d 180, 186-87 (3d Cir. 2010). The Government argues that none of Kalu's arguments raises a colorable constitutional claim or question of law. We largely agree.

Kalu argues that the BIA applied the wrong standard of review and applied the wrong legal standards for hardship and discretionary relief. Kalu's argument regarding the standard for hardship is curious because the IJ concluded that he showed the requisite hardship and the BIA did not disturb that ruling. In any event, these arguments are not colorable. The BIA properly reviewed the IJ's exercise of discretion de novo with deference to the IJ's factual findings. See 8 C.F.R. § 1003.1(d)(3)(i), (ii). The BIA's balancing of equitable factors also comported with the standards set forth in Mendez-Moralez.

Kalu argues that the BIA improperly applied a "heightened" standard for relief instead. Kalu focuses on the BIA's statement that, "[t]o the best of our knowledge, we

4

have never granted a waiver to a person who has defrauded the government of millions of dollars, and we can only surmise that such a grant would involve positive equities of a magnitude not present here." (BIA Dec. at 3.) In making that statement, however, the BIA was merely rejecting Kalu's argument (which he has not repeated on review) that the IJ's denial of a waiver was inconsistent with other cases in which criminal aliens have received one. The BIA made that statement only after thoroughly balancing the equities, including the positive factors weighing in Kalu's favor and the specific nature and circumstances of his crimes. See Mendez-Moralez, 21 I. & N. Dec. at 301. We lack jurisdiction to review the manner in which the BIA did so, and we will dismiss the petition for review to that extent.

Kalu raises three other arguments that could be construed as raising constitutional or legal questions, but they lack merit. First, Kalu argued to the BIA that the IJ erred in relying on various criminal records to conclude that his crimes caused an amount of loss of $7 million and that he trained a staff of 50 people to carry them out. He also presented new evidence purporting to show that the amount of loss was only $2.5 million, and he requested a remand for the IJ to consider this evidence. The BIA denied his request because it concluded that, even accepting as true Kalu's arguments concerning the amount of loss and his staff, the specific circumstances of his crimes were still so serious that they outweighed the factors in his favor.

Kalu argues that the BIA should have remanded because the IJ might have reached a different conclusion. To the extent that this argument raises a legal issue, we reject it. The BIA may deny a motion to remand if it determines that, "in the case of discretionary

5

relief . . ., the alien would not be entitled to relief even if the motion was granted."

Huang v. Att'y Gen., 620 F.3d 372, 389 (quoting Caushi v. Att'y Gen., 436 F.3d 220, 231

(3d Cir. 2006)). Such determinations ordinarily are subject to review for abuse of

discretion and substantial evidence. See id. at 390. In this case, however, our review is

limited to constitutional and legal challenges. Kalu has raised no such challenge to the

substance of the BIA's determination.

Second, Kalu argues that the IJ should have recused himself because he served as

counsel and Division Chief for the Department of Homeland Security in 2013 while

Kalu's attempts to seek relief remained ongoing. Kalu also asserts without elaboration

that the IJ was personally involved in his case at that time. He raised these arguments to

the BIA, but the only evidence of the IJ's alleged personal involvement that he presented

was the caption of a 2013 BIA decision in a different alien's case listing the IJ as

"Division Chief." (A.R. 154-56, 337.) The BIA rejected this argument on the ground

that the IJ's mere former employment as Division Chief, without more, was insufficient

to require recusal. We agree. See 28 U.S.C. § 455(b)(3); Shewchun v. Holder, 658 F.3d

557, 570-71 (6th Cir. 2011); Petrov v. Gonzales, 464 F.3d 800, 803-04 (7th Cir. 2006);

cf. Edelstein v. Wilentz, 812 F.2d 128, 130-31 (3d Cir. 1987).[2]

---

[2] For the first time in his response to the Government's motion dismiss, Kalu asserts that his wife called Government counsel in 2013 to inquire about an immigration detainer and was told that Kalu's file had been "transferred to the Division Chief for review and recommendation." (Pet'r's Rsp. at 17.) Kalu's assertion is not evidence, and we would not consider it even if it were because he did not present it to the BIA. See 8 U.S.C. § 1252(b)(4)(A). Thus, we need not consider whether a Division Chief's possible review of a detainer issue suggests any personal involvement in a removal proceeding.

Finally, Kalu argues that the IJ erred in sustaining the charge that he is removable for having been convicted of a crime involving moral turpitude ("CIMT"). The BIA declined to reach that issue because, even if Kalu were right, there is no dispute that he remains removable for having been convicted of an aggravated felony. Kalu does not directly contest that ruling, but he repeats his argument regarding CIMT removability on review. We agree with the BIA that it need not have reached the issue because, as explained in the margin, Kalu would remain inadmissible (as opposed to removable) for his conviction of a CIMT and would remain removable for his conviction of an aggravated felony.[3]

III.

For these reasons, we will grant the Government's motion to dismiss and for summary action, and we will dismiss the petition for review in part and deny it in part. Kalu's motions for a stay of removal and for leave to file an oversized brief are denied. The temporary administrative stay entered on April 10, 2017, is vacated.

---

[3] There is no dispute that Kalu has been convicted of a CIMT. He argues, however, that he is not removable on that basis because conviction of a CIMT renders an alien removable only if the alien committed the crime within five years of admission, see 8 U.S.C. § 1227(a)(2)(A)(i)(I), and that he did not. Kalu's argument regarding his removability for having been convicted of a CIMT is irrelevant to his inadmissibility for having been convicted of a CIMT. Aliens who are convicted of a CIMT are inadmissible regardless of whether they committed the crime within five years of admission. See 8 U.S.C. § 1182(a)(2)(A)(i)(I). Thus, even if Kalu's argument were valid, he would remain inadmissible for having been convicted of a CIMT. His inadmissibility required him to obtain a § 212(h) waiver before seeking to adjust status as relief from his removability, so he still required a § 212(h) waiver to seek relief from removability for his conviction of an aggravated felony regardless of whether he is also removable for having been convicted of a CIMT.