BLD-180                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2733
_____

KALU ORJI KALU,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-637-463)
Immigration Judge: Honorable Kuyomars Q. Golparvar
_____

Submitted on Respondent's Motion to Dismiss and for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 19, 2018
Before: RESTREPO, BIBAS, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: April 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kalu Orji Kalu petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider his order of removal. The Government has filed a motion for summary disposition. We will grant that motion and deny the petition for review.

The relevant background is set forth in our opinion in Kalu v. Attorney General, 702 F. App'x 40 (3d Cir. 2017) (per curiam). In that opinion, we explained our reasons for dismissing in part and denying in part Kumar's petition for review of his final order of removal to Nigeria. Among other things, we rejected Kalu's arguments that the BIA improperly applied a "heightened" standard for obtaining a waiver of inadmissibility under 8 U.S.C. 1182(h), that the BIA should have differently considered records from his criminal case in determining the amount of loss that his crimes caused, that the Immigration Judge should have recused himself, and that the BIA should have determined that he was not removable for having been convicted of a crime involving moral turpitude. See id. at 43-44.

While Kalu's petition was pending, he filed a motion with the BIA to reconsider the same order of removal that was under our review. In that motion, Kalu repeated the same arguments that the BIA already had rejected and that were pending before us. The BIA denied Kalu's motion on the ground that his reiterated arguments did not identify any legal or factual error in its prior decision as required by 8 C.F.R. § 1003.2(b)(1).

Kalu now petitions for review of that ruling as well. The Government has filed a motion to dismiss the petition for lack of jurisdiction or for summary disposition, which

we construe as a motion for summary action under 3d Cir. L.A.R. 27.4 (2010) and 3d Cir. I.O.P. 10.6. So construed, we will grant the motion.

We construe Kalu's arguments as at least partly raising legal issues that we have jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D). Thus, we have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of reconsideration only for abuse of discretion, Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012), and will not disturb it unless it is "arbitrary, irrational, or contrary to law," id. at 365 (quotation marks omitted).

The purpose of a motion to reconsider is to "request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Id. at 364 (quoting In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002)). Thus, "[t]he BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). Still less could we say that the BIA abused its discretion by again rejecting arguments that we later rejected as well. For these reasons, we will grant the Government's motion and deny Kalu's petition for review.